

2013-CI-10278

408TH JUDICIAL DISTRICT COURT

DAVID GILLESPIE ET AL VS A L HERNDEN ET

DATE FILED: 06/19/2013

DAVID GILLESPIE A
MICHAEL O'BRIEN

§
§
§
v.                                    §
§
§
§
A. L. HERNDEN AND                     §
FREDERICK R. ZLOTUCHA                 §          BEXAR COUNTY, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/19/2015 3:54:26 PM
_____ JUDICIAL DISTRICT TITLE
Clerk

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DAVID GILLESPIE and MICHAEL O'BRIEN, Plaintiffs, filing this Original Petition and Requests for Disclosure complaining of A. L. HERNDEN and FREDERICK R. ZLOTUCHA, Defendants, and respectfully show:

### I. DISCOVERY LEVEL

Plaintiffs intend that discovery be conducted under Level 3. Plaintiffs pray that, upon Motion of the Parties, the Court enter a docket control order specifically tailored to the circumstances of this suit.

### II. PARTIES

Plaintiff, DAVID GILLESPIE, is an individual who resides in Bexar County, Texas. The last three digits of his Social Security Number are 425. The last three digits of his Driver License Number are 513.

Plaintiff, MICHAEL O'BRIEN, is an individual who resides in Bexar County, Texas. The last three digits of his Social Security Number are 838. The last three digits of his Driver License Number are 804.

1

Defendant, A. L. HERNDEN, is an individual who may be served with notice of this lawsuit at 222 Main Plaza East, San Antonio, Texas 78205, or wherever he may be found. Service of process is requested at this time.

Defendant, FREDERICK R. ZLOTUCHA, is an individual who may be served with notice of this lawsuit at 222 Main Plaza East, San Antonio, Texas 78205, or wherever he may be found. Service of process is requested at this time.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter and the parties. The amounts in controversy are within the jurisdictional limits of the Court. Venue is proper in Bexar County Texas because all or a substantial portion of the acts or omissions giving rise to Plaintiffs' claims occurred in Bexar County.

### IV. FACTUAL ALLEGATIONS

On or about September of 2009, Plaintiffs were introduced to Defendant A. L. HERNDEN and signed certain contracts, attached hereto as Exhibits "A" and "B," with his firm, the Law Office of A. L. Hernden.

As a result, on September 23, 2009, A. L. HERNDEN filed a lawsuit styled David Gillespie and Michael O'Brien v. Joe H. Amberson and Advanced Mineral Search, LLC; In the 156th Judicial District Court of McMullen County, Texas. The lawsuit related to an alleged fraudulent breach of a partnership agreement between the parties relating to an oil and gas lease.

On or about September of 2010, Defendant FREDERICK R. ZLOTUCHA, without written authority, appeared illegally on behalf of Plaintiffs in the above referenced lawsuit and continued to act as their attorney until an Order of Dismissal With Prejudice was entered in November of 2011.

2

As a result of the attorneys' involvement a settlement was reached and all attorney's fees were illegally and wrongfully charged by FREDERICK R. ZLOTUCHA without written contract or authority and contrary to clear Texas law.

As a result of the illegal, unconscionable, negligent, deceptive, and fraudulent acts of the Defendants, Plaintiffs have been damaged as set forth below.

## V. DECLARATORY JUDGMENT

Plaintiffs incorporate all of the facts set forth above and state that the attached Exhibits "A" and "B" violate Tex. Gov't Code §82.065 and §82.0651 and are therefore illegal, unenforceable and unconscionable. Plaintiffs seek a declaratory judgment voiding the contracts and any interest Defendants may assert to the proceeds of the settlement for which Plaintiffs now sue.

## VI. VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT

Plaintiffs allege that they are consumers as that term is defined by Tex.Bus.& Comm. Code § 17.41 et. seq., commonly known and the Deceptive Trade Practices and Consumer Protection Act ("DTPA"). Plaintiffs allege that all notices and conditions precedent to this cause of action have been met. The Defendants committed the following violations of the above referenced statute:

1. Representing to Plaintiffs that Defendants' services had characteristics and benefits that they do not; §17.46(b)(5)

2. Representing to Plaintiffs that Defendants' services were of a particular standard, quality or grade, when they were of another; §17.46(b)(7)

3. Representing to Plaintiffs that Defendants' services confer or involve rights or remedies that they do not have or involve; §17.46(b)(12)

4. Representing that an agreement confers or involves rights, remedies, or obligations which they do not have or involve, or which are prohibited by law; §17.46(b)(1)

3

5. Engaging in an unconscionable course of action toward Plaintiffs; and

6. Engaging in conduct outlawed in §17.50(1), (2) & (3).

' Each or all of the above acts and/or omissions were the producing, proximate and actual cause of Plaintiffs' damages as set forth below and all actions were taken knowingly and intentionally for which Plaintiffs sue.

## VII. FRAUD

Common law fraud is defined as a material false misrepresentation made to the Plaintiff with the intent that he rely on said false misrepresentation, that Plaintiff did in fact rely on said false misrepresentation to his detriment. *See Bradford v. Vento,* 48 S.W.3d 749 (Tex. 2001)

Plaintiffs incorporate the facts above and state that the Defendants represented that the alleged contract was valid and enforceable, and as a result pursued fraudulent courses of action, all to Plaintiff's detriment, since Plaintiffs were ultimately deprived of vast sums that Defendants claim as attorney's fees.

## VIII. NEGLIGENCE, BREACH OF FIDUCIARY DUTY AND LEGAL MALPRACTICE

Defendants occupied the position of a fiduciary with relation to the Plaintiffs. Defendants were both an attorney at law and actually representing Plaintiffs in the ongoing litigation referenced above. Defendants breached their fiduciary duty to Plaintiffs by failing to make full disclosure of material facts to the Plaintiffs, by engaging in self-dealing, and by failing to account to the Plaintiffs. Defendants failed to give Plaintiffs their undivided loyalty. Defendants failed to provide absolute candor, openness, and honesty without concealment or deception. Defendants failed to be strictly honest about fee arrangements, and instead engaged in self-dealing. The Defendants' breach of their fiduciary duties was clear and serious. The Defendants' breach of their fiduciary duties was intentional or amounted to gross negligence.

4

Further, because of Defendants' positions, they negligently advised Plaintiffs to settle their claims for sums far below their worth. As a direct, producing and proximate result Plaintiffs were injured for which they sue.

## IX. VIOLATION OF TEXAS PENAL CODE §38.12

Defendants have violated several provisions of Texas Penal Code Section 38.12, titled Barratry and Solicitation of Professional Employment. Specifically, Defendants have violated §38.12(a)(1); §38.12(b)(1); and §38.12(b)(2) by knowingly instituting a suit or claim that they were not authorized to pursue and knowingly financing the commission of an offense under said chapter. As such Plaintiffs were injured and now sue.

## X. BREACH OF CONTRACT

Plaintiffs allege that any contingent fee contract between Plaintiffs and Defendants is unenforceable because of violations of Texas Government Code §82.065 and §82.0651. Further, any such contract, whether oral or in writing, is unconscionable and unenforceable. Without waving the foregoing, Plaintiffs allege in the alternative that the contracts attached hereto as Exhibits "A" and "B" were violated by the Defendants, that Plaintiffs have at all times performed or were ready to tender performance under the contracts, and that Defendants' breach of the contracts have caused injury and damages to the Plaintiffs.

## XI. MALICE AND EXEMPLARY DAMAGES

Plaintiffs incorporate by reference the foregoing and state that all of the Defendants' conduct was taken with malice and with the intent to injure and actually did injure Plaintiffs. As such Plaintiffs are entitled to an award of exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code §41.001 et seq. for which Plaintiffs now sue.

5

## XII. DAMAGES

Plaintiffs allege that the conduct of the Defendants was and is the producing and proximate cause of actual economic damages and loss to the Plaintiffs. Plaintiffs have been deprived of and have lost the value, use, benefit, and opportunity to receive funds related to their interest the oil and gas lease made the basis of this litigation. Plaintiffs further allege that Defendants have received benefits by their violations listed above. Accordingly, Plaintiffs seek an award of damages equal to any benefit obtained by the Defendants through the above-listed violations which Plaintiffs allege is equal to the fair and reasonable cash market value of the mineral interests in question. Plaintiff further seeks disgorgement of any fees wrongfully obtained by Defendants.

## XIII. DAMAGES FOR BREACH OF CONTRACT

In the alternative, Plaintiffs allege that the conduct of the Defendants in breaching and failing to comply with their contract with the Plaintiffs was the producing cause of actual economic damages and loss to the Plaintiffs for which they now sue.

## XIV. APPLICATION FOR TEMPORARY RESTRAINING ORDER

In light of the above described facts, Plaintiffs have been harmed to such an extent that it is difficult to measure in monetary damages and all other remedies are inadequate, therefore, Plaintiffs seek entry of a Temporary Restraining Order.

Plaintiffs are likely to succeed on the merits of this lawsuit because of the clear violations of the Texas Government Code §82.065 and §82.0651.

Unless this Honorable Court immediately restrains the Defendants, Plaintiffs will suffer immediate and irreparable injury to their financial interests, for which there is no adequate

remedy at law to give Plaintiffs complete, final and equitable relief. More specifically, Plaintiffs will show the court the following;

A. The harm is imminent because the oil and gas lease made the basis of this lawsuit is a lucrative business and is still in its early stages of growth. In order to preserve the value of the Plaintiffs' interest in said lease, the named Defendants should be cited to appear and show cause why they should not be temporarily restrained and enjoined from the following:

(1) Collecting royalties or funds of any kind relating to the lease;

(2) Spending any royalty funds in their possession until an accounting can be had;

(3) Tortiously interfering with the business operations by filing frivolous fraudulent pleadings; and

(4) Withholding access to any and all property including accounting documents, and documents and information relating to the lease.

B. This imminent harm will cause irreparable injury unless the court enters such an order to protect the assets of the lease.

C. Movants request that the Court order a reasonable bond to secure performance and prosecution of this suit as security.

D. Movants request that, upon final hearing, the Court order that Defendants no longer collect any funds related to the lease and enter a permanent injunction.

## XV. DEMAND FOR ACCOUNTING

Plaintiffs demand that Defendants make a full accounting identifying all of the consideration received, in whatever form, relating the oil and gas lease in question, so that the

court may determine the proper sum which is due and owing to Plaintiffs. Upon completion of said accounting, Plaintiffs reserve the right to seek an independent audit pursuant to TRCP 172.

## XVI. REQUESTS FOR DISCLOSURE

Plaintiffs request that the Defendants respond to the disclosures mandated by Texas Rule of Civil Procedure 194.2 within fifty (50) days of their receipt of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request as follows:

1. Judgment against the Defendants, jointly and severally, for actual and compensatory damages in a sum in excess of the minimum jurisdictional limits of the Court;

2. Punitive damages as determined by the trier of fact;

3. Pre-judgment and post-judgment interest to the maximum extent permitted by applicable law;

4. Attorneys' fees and costs; and

5. Such other and further relief to which the Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,
**GENE TOSCANO, INC.**
846 Culebra Road, Suite 104
San Antonio, Texas 78201
Telephone: (210) 732-6091
Telecopier: (210) 735-4167

BY: _____
ANDREW E. TOSCANO
State Bar No.: 00786832
**ATTORNEYS FOR PLAINTIFFS**

8

FILED
6/20/2014 2:43:57 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Bonnie Banks

CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| VS. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' TRADITIONAL
## MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Now come Plaintiffs, David Gillespie and Michael O'Brien, and file this Traditional Motion for Partial Summary Judgment and in support thereof would show:

### I.     FACTS

1.     In September 2009, Plaintiffs were introduced to A.L. Hernden for the purpose of pursuing claims regarding the breach of an oral partnership agreement relating to the procurement of an oil and gas lease.  A suit was filed in McMullen county in Cause No. 09-0025 CV-B which was ultimately settled.  In September 2010, Frederick R. Zlotucha, without written authority or written consent of the Plaintiffs, appeared as Plaintiffs' attorney until the order of dismissal was entered in November 2011, in the McMullen county suit.  At no time did Plaintiffs ever hire Frederick R. Zlotucha or agree to a written contract with him.

### II.     EVIDENCE RELIED UPON

2.     Defendants' Motion is based upon the following documents of record in this case:

- Plaintiffs' Fourth Amended Petition;
- Exhibit "A" – Employment contract for David Gillespie;
- Exhibit "B" – Employment contract for Michael O'Brien;
- Exhibit "C" – Deposition of A.L. Hernden;
- Exhibit "D" – Deposition of Frederick Zlotucha; and
- Exhibit "E" – Disbursement sheet with attachments.

186

These exhibits are attached to this motion and are incorporated by reference as if set forth fully.

### III.   TRADITIONAL MOTION FOR SUMMARY JUDGMENT

3.      On a motion for traditional summary judgment, the Court must grant the motion if the summary judgment evidence shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a (c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The Court properly grants partial summary judgment in favor of a party if the party conclusively demonstrates an element of the party's claim as a matter of law. See *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A party is entitled to summary judgment if there are no genuine issues of material fact and all essential elements of a claim or defense are established as a matter of law. Tex. R. Civ. P. 166a (c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 927 (Tex. 1996). In deciding that the movant met that burden, the court must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Am. Tobacco Co.*, 951 S.W.2d at 425; *Nixon*, 690 S.W.2d at 548-49.

#### A.      Traditional Summary Judgment Grounds

4.      Based on the pleadings and the summary judgment evidence, there is no genuine issue as to any material fact regarding Plaintiffs' claims for breach of fiduciary duty and for the illegality of their contract with Defendants. Therefore, Plaintiffs are entitled to partial summary judgment on these issues only.

#### B.      As A Matter of Law A.L. Hernden Breached Fiduciary Duties

5.      David Gillespie and Michael O'Brien hired A.L. Hernden to be their attorney in a "dispute regarding an alleged partnership involving Joe H. Amberson and the leasing of certain oil and gas interests in McMullen County Texas." Attached hereto as Exhibits A & B, are true

2

and correct copies of these contracts. These contracts clearly establish that A.L. Hernden was hired as the attorney, and that David Gillespie and Michael O'Brien were his clients. By signing these contracts A.L. Hernden acknowledged and admitted this relationship. Mr. Hernden had a fiduciary relationship with both David Gillespie and Michael O'Brien during the entirety of his representation of them.

6. As the attorney for the Plaintiffs, Mr. Hernden was inherently, and as a matter of law, in a fiduciary relationship with both and each of them and owed both and each of them fiduciary duties and obligations. *Archer v. Griffin*, 390 S.W.2d 735, 739 (Tex. 1964)("The relation between an attorney and his client is highly fiduciary in nature and their dealings with each other are subject to the same scrutiny, intendments and imputations as a transaction between an ordinary trustee and his cestui que trust."); *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988)("A fiduciary relationship exists between an attorney and client.").

7. The Supreme Court of Texas has explained the consequences of this fiduciary relationship which exist between any lawyer, including Mr. Hernden, and his clients, as follows:

> In Texas, we hold attorneys to the highest standards of ethical conduct in their dealings with their clients. The duty is highest when the attorney contracts with his or her client or otherwise takes a position adverse to his or her clients' interest. As Justice Cardozo observed, '[a fiduciary] is held to something stricter than the morals of the marketplace. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.' Accordingly, a lawyer must conduct his or her business with inveterate honesty and loyalty, always keeping the clients' best interest in mind.

*Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 560 (Tex. 2006), citing, *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 868 (Tex. 2000).

Similarly, in *Anglo-Dutch Petroleum International, Inc. v. Greenberg Peden, P.C.*, 952 S.W.3d 445, 450 (Tex. 2011), the Supreme Court of Texas held that "Because a lawyer's fiduciary duty

208187/0000143-24377

to a client covers contract negotiations between them, such contracts are closely scrutinized. Part of the lawyer's duty is to inform the client of all material facts. And so that this responsibility is not a mere and meaningless formality, the lawyer must be clear."

8. Among the things which a lawyer may do or fail to do, which constitute breaches of his fiduciary duties to his clients are failing to disclose a conflict of interest, improperly benefiting from representation of a client, and engaging in self-dealing. Cases recognizing these breaches of fiduciary duty include *Brown v. Green*, 2009 W.L. 4573451 at *4 (Tex. App. – Houston [14th Dist.] 2009, no pet.), and *Walker v. Morgan*, 2009 W.L. 3763779 at *2–*3 (Tex. App. – Beaumont 2009, no pet.). Mr. Hernden breached his fiduciary duties to both David Gillespie and Michael O'Brien.

9. Although the applicable TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT do not define the standard of civil liability for attorneys, they do significantly outline the analysis of the scope of duties owed by attorneys to their clients. Additionally, the TEXAS GOVERNMENT CODE is an objective reference establishing that A.L. Hernden's contract with David Gillespie and Michael O'Brien is unsupportable.

10. Mr. Hernden's consideration for the representation of David Gillespie and Michael O'Brien, was by written contract and the client(s):

> *sells, transfers and assigns* to the said attorney a FIFTY PER CENT (sic)(50%) interest, in and to this matter, claim, and any property obtained through such demand, and/or case, and any compromise, settlements, judgment, or recovery of any sort whatsoever and howsoever acquired relating thereto, that Client may recover or be entitled to by reason of said matter, claim, demand, and/or case. (italics added)

Exhibits A & B.

As a matter of law, this contract is unreasonable, unconscionable, and constitutes a breach of Mr. Hernden's fiduciary duty of full disclosure and his duty of loyalty to his clients. Clients such as

4

David Gillespie and Michael O'Brien are very unlikely to know that an attorney is "prohibited from acquiring a proprietary interest in the cause of action or subject matter of the litigation the lawyer is conducting for a client." TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(h). Additionally, Mr. Gillespie and Mr. O'Brien are very unlikely to know that a lawyer "shall not enter into a business transaction with the client unless:

> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed in a manner which can be reasonably understood by the client;
>
> (2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and
>
> (3) the client consents in writing thereto."

TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(a).

11. The employment contracts with Mr. Hernden are not contingent fee contracts permitted by TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04. The contracts purport to "sell[], transfer and assign" to Mr. Hernden a fifty percent interest for services rendered and to be rendered. However, there is no information on what representation had been rendered or was to be rendered. But more importantly, there is no information as to what constitutes a fifty percent interest in a "dispute regarding an alleged partnership involving Joe H. Amberson and the leasing of certain oil and gas interests in McMullen County Texas." Based upon the contract alone, there is no way to understand the work to be done, the method by which the ownership interest is to be determined, or even to establish what expenses are to be deducted from the recovery.

12. Even if this were a valid contingent fee contract, the client cannot make a meaningful, well considered, or intelligent decision regarding whether the fee agreement is appropriate. In his February 24, 2014 deposition, when asked about the value of the fee being

208187/0000143-24377

charged Mr. Hernden testifies, "[i]n my opinion what it was worth? The day we got it, it was probably worth, at the most, $3,000 a mineral acre. That makes it $120,000."[1] February 24, 2014 Deposition of A.L.Hernden, 10:25-11:2. However, when asked about the value of the fee contract at the conclusion of the representation Mr. Hernden testifies very differently:

> A.     Well, I don't really know what it's worth today because, number one, the production seems to have gone way down. I mean, you've got to know, Eagle Ford wells generally – and this is just a general rule, because it's not a set rule. They produce 82 percent of their oil in the first year. So, the first year of a lease, you get a bunch of money. Then it goes down in the last 30 years. But at the last, it will be doing two or three barrels a day. So, right now, the last check we got was $5,000, so I don't know. Maybe it's going down, nosediving. I have no idea. But that's a general rule, is 82 percent of the oil from an Eagle Ford well comes the first year.
>
> Q.     So you don't know?
>
> A.     I really don't know. If I had to put a pencil to it, I would – I would say that it's not worth nearly what you think it is, because – because of it being Eagle Ford, okay? But I – I could probably figure out – I could take you to some experts and let them decide what it's worth.

February 24, 2014 Deposition of A.L.Hernden, 11:14-12:8.

13.     If at the present time Mr. Hernden cannot calculate the value of his interest, there is no possible way that he could be said to have complied with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08. By failing to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08, Mr. Hernden breached the fiduciary duty which he owed to Mr. Gillespie and Mr. O'Brien. As such, his contract with Mr. Gillespie and Mr. O'Brien is voidable. TEX. GOV'T CODE § 82.065.

14.     Moreover, through his testimony, Mr. Hernden admits that he spent no more than 100 hours on this matter. February 24, 2014 Deposition of A.L.Hernden, 25:20. Yet for this 100 hours worked, he has made $225,000 and counting. February 24, 2014 Deposition of

---

1 This is also to say that on the day the contracts were signed, that Mr. Hernden had agreed to act as Mr. Gillespie's and Mr. O'Brien's attorney and provide representation in exchange for a fifty percent interest in a claim worth no more than $120,000. February 24, 2014 Deposition of A.L.Hernden, 11:10-12.

6

208187/0000143-24377

A.L.Hernden, 34:14-24. In testimony, Mr. Hernden describes his contract like this: "Yeah, I got a Lotto ticket. I won a Lotto ticket for 100 hours worked, okay?" February 24, 2014 Deposition of A.L.Hernden, 33:20-21. There is no possible way that Mr. Hernden could be said to have complied with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04. By failing to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04, Mr. Hernden breached the fiduciary duty which he owed to Mr. Gillespie and Mr. O'Brien. Again, this makes his contract with Mr. Gillespie and Mr. O'Brien voidable. TEX. GOV'T CODE § 82.065.

15. Mr. Hernden's breaches of fiduciary duty were clearly prejudicial and a cause of damage to Mr. Gillespie and Mr. O'Brien. Far more than the amount he originally contemplated, fifty percent of a claim worth no more than $120,000, Mr. Hernden claimed an ownership interest of half the partnership attributable to Mr. Gillespie and Mr. O'Brien. The breach of that fiduciary duty resulted in an improper benefit for Mr. Hernden because he received an ownership interest in the lease.

16. The Supreme Court of Texas has repeatedly condemned lawyers who attempt to charge a contingent fee exceeding the amount of money recovered by their clients. These cases are *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 95 (Tex. 2001), and *Hoover Slovacek, L.L.P. v. Walton*, 206 S.W.3d 557, 563 (Tex. 2006). Charging a contingent fee exceeding the client's recovery is an unconscionable fee and Mr. Hernden's contracts with Mr. Gillespie and Mr. O'Brien do so as a matter of law. Mr. Hernden's contracts claim a fifty percent interest, but charge all of the undefined costs and expenses of litigation to the clients. It is a fifty-fifty split, but the client bears all the costs and expenses. As a matter of simple mathematics, Mr. Hernden's contracts with Mr. Gillespie and Mr. O'Brien attempt to charge a contingent fee which exceeds the amount of money recovered by Mr. Gillespie and Mr. O'Brien. This is a violation of Mr.

7

Hernden's fiduciary duty of loyalty and constituted self-dealing and an improper benefit to Mr. Hernden from his representation of Mr. Gillespie and Mr. O'Brien.

17.    Although the above breaches of fiduciary duties would not have been cured even if Mr. Hernden had advised Mr. Gillespie and Mr. O'Brien to obtain independent counsel to advise them with regard to the negotiation of their contract with Mr. Hernden, Mr. Hernden's failure to advise and encourage Mr. Gillespie and Mr. O'Brien to obtain independent legal advice with regard to his contract, compounded Mr. Hernden's breaches of those fiduciary duties. Mr. Hernden had a fiduciary duty of loyalty to never self-deal and to never improperly benefit from the representation of his clients, yet he utterly failed to advise them, in compliance with his duty of full disclosure, that his contractual fee was unfairly to his advantage and to their detriment.

18.    The standard of care to which attorneys are held is well defined. As stated by the Supreme Court of Texas, in *Cosgrove v. Grimes*, 774 S.W.2d 662, 664-65 (Tex. 1989), the standard of care requires that an attorney do what an attorney of ordinary prudence would have done under the same or similar circumstances and the failure to do so constitutes professional negligence. The applicable standard of care requires that if an attorney desires to enter into a new or amended contract with his client (such as Mr. Hernden has contended he did by way of the "disbursement agreement," "payout," or "settlement sheet"), he must advise the client to seek independent advice from a second lawyer about the proposed new contract or the revision or amendment of the existing contract. This is supported by TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(a). By not doing so, Mr. Hernden again breached the applicable standard of care.

### C.    Mr. Zlotucha Had No Right to Represent Plaintiffs

19.    At some point in September 2010, Fredrick R Zlotucha undertook representation of Mr. Gillespie and Mr. O'Brien. Mr. Zlotucha has testified that he did not have a written

8

agreement with either Mr. Gillespie or Mr. O'Brien. February 24, 2014 Deposition of F.R.Zlotucha, 12:21-25. Eventually, Mr. Zlotucha claimed to be entitled to one half of the fifty percent claimed by Mr. Hernden, however by his disbursement sheet, he charged the entirety of the fee.

20.    TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08 could not be clearer regarding the requirement of the written consent of the client prior to undertaking representation on a contingent fee. Specifically, TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(d) requires all contingent fee contracts to be in writing. Additionally, TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(f) requires written consent of the client for all fee divisions between attorneys. By failing to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08, Mr. Zlotucha breached the fiduciary duty which he owed to Mr. Gillespie and Mr. O'Brien.

21.    Mr. Zlotucha tends to want to argue that the signatures of Mr. Gillespie and Mr. O'Brien on the "disbursement agreement," "payout," or "settlement sheet" constitute a consent to his representation. This is untrue. TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(f)(2) requires such consent to be prior to the association or referral. By Mr. Zlotucha's own testimony, this was not the case here. Deposition of F.R.Zlotucha, 12:21-25. Moreover, by relying on the facially unreasonable and unconscionable contract between Mr. Hernden, and Mr. Gillespie and Mr. O'Brien, Mr. Zlotucha engaged in self dealing, and violated his fiduciary duty of full disclosure and his duty of loyalty to his clients. *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 95 (Tex. 2001); *Hoover Slovacek, L.L.P. v. Walton*, 206 S.W.3d 557, 563 (Tex. 2006).

22.    Under Texas law, a contingent fee contract for legal services must be in writing and signed by both the attorney and client. TEX. GOV'T CODE § 82.065. Without a written

9

document Mr. Zlotucha cannot claim any entitlement to the property of Mr. Gillespie and Mr. O'Brien.

23. Clearly because Mr. Zlotucha has charged the entire fee pursuant to the "disbursement agreement," "payout," or "settlement sheet," then none of the fee is properly charged pursuant to TEX. GOV'T CODE § 82.065. See Exhibit "E."

## IV. AVAILABILITY OF PARTIAL SUMMARY JUDGMENT

24. The Texas Supreme Court has stated:

> whether a contract, including a fee agreement between attorney and client, is contrary to public policy and unconscionable at the time it is formed is a question of law. *See, e.g.*, TEX. BUS. & COM. CODE § 2.302 (courts may refuse to enforce contracts determined to be unconscionable as a matter of law); *SkiRiver Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.--Waco 2005, pet. denied) ("The ultimate question of unconscionability of a contract is one of law, to be decided by the court."); *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 821 (Tex. App.--San Antonio 1996, no writ) (distinguishing procedural and substantive aspects of unconscionability).

*Hoover* , 206 S.W.3d at 562.

Lawyers have a duty, at the outset of the representation, to "inform a client of the basis or rate of the fee" and "the contract's implications for the client." *Levine*, 40 S.W.3d at 96 (citing RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS §§ 38(1), 18). "To impose the obligation of clarifying attorney client contracts upon the attorney is entirely reasonable, both because of [the attorney's] greater knowledge and experience with respect to fee arrangements and because of the trust [the] client has placed in [the attorney].'" *Levine*, 40 S.W.3d at 95 (quoting *Cardenas v. Ramsey County*, 322 N.W.2d 191, 194 (Minn. 1982)) (alterations in original). For these reasons, the "failure of the lawyer to give at the outset a clear and accurate explanation of how a fee was to be calculated" weighs in favor of a conclusion that the fee is unconscionable. TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04 cmt. 8.

10

25.   In this case, there is no factual dispute. On its face, Mr. Hernden's contract is unconscionable and violates the fiduciary duties owed to Mr. Gillespie and Mr. O'Brien by:

   1)   acquiring a proprietary interest in the cause of action or subject matter of the litigation;

   2)   entering into a business transaction with the clients without any way to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(a);

   3)   being impermissibly vague regarding the work to be done, the method by which the ownership interest is to be determined, or what are the expenses to be deducted from a recovery;

   4)   charging an unreasonable fee; and,

   5)   mathematically seeking a greater recovery than that awarded to the client.

Likewise, the fee taken by Mr. Zlotucha cannot be supported because he breached his fiduciary duties by:

   1)   attempting to collect a contingent fee where there is no written consent of the client which comports to the requirements of TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08;

   2)   seeking a fee that is unreasonable; and

   3)   self dealing in claiming an interest acquired as a result of a facially unconscionable contract.

Each of these issues is established as a matter of law by way of the documents and the testimony of Mr. Hernden and Mr. Zlotucha. As such summary judgment is appropriate.

   WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Mr. Gillespie and Mr. O'Brien, pray this Traditional Motion for Partial Summary Judgment be set for hearing following notice to the Defendants and that, upon hearing, this Motion be granted; further praying for such other and further relief, at law and in equity, to which these Defendants may be entitled.

11

Respectfully Submitted,

**GENE TOSCANO, INC.**
846 Culebra Road, Suite 104
San Antonio, Texas 78201
Telephone:  (210) 732-6091
Telecopier:  (210) 735-4167


BY: /s/ Andrew E. Toscano
ANDREW E. TOSCANO
State Bar No.:  00786832
**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been sent via *CM-RRR* requested on this 20th day of June 2014, to:


Mr. Richard A. Sparr, Jr.
1313 N. E. Loop 410, Suite 100
San Antonio, Texas, 78209

Mr. Frederick R. Zlotucha
222 Main Plaza East
San Antonio, Texas 78205


/s/ Andrew E. Toscano
ANDREW E. TOSCANO

208187/0000143-24377
197



_2013CI10278 -D408

## CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| V. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING PLAINTIFFS' TRADITIONAL MOTION FOR
## PARTIAL SUMMARY JUDGMENT

On the 29th day of July, 2014 came on to be considered Plaintiffs' Traditional Motion For Partial Summary Judgment and the Court after considering same, the Defendants, A. L. Hernden And Frederick R. Zlotucha's Response To Plaintiffs' Traditional Motion For Partial Summary Judgment With Controverting Affidavits, the pleadings and the competent summary judgment evidence and argument of counsel is of the opinion that Plaintiffs' Traditional Motion For Partial Summary Judgment should be denied.

IT IS ORDERED that Plaintiffs' Traditional Motion For Partial Summary Judgment be and the same hereby DENIED.

Signed this 6 day of August, 2014.

JUDGE CATHLEEN M. STRYKER
224TH JUDICIAL DISTRICT COURT

563



2013CI10278 -P00067

CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| v. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' COMBINED NO EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT

COME NOW, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, Defendants in the above styled and numbered cause, and respectfully file this their Combined No Evidence and Traditional Motions for Summary Judgment pursuant to Texas Rule of Civil Procedure Rules 166a(a) and (i)[1], and in support hereof Defendants respectfully shows unto this honorable Court the following:

## I. INTRODUCTION

1.0     Plaintiffs are David Gillespie and Michael O'Brien; Defendants are Attorney A.L. Hernden and Attorney Frederick R. Zlotucha.

1.1     This suit arises from Defendants' representation of Plaintiffs in a lawsuit filed in the District Court of McMullen County, Texas alleging a fraudulent breach of a partnership agreement and other causes of action arising from an oil and gas lease and resulting overriding royalty interests.

1.2     Plaintiffs' Fourth Amended Original Petition, filed March 6, 2014, is the Plaintiffs' live pleading.

---

[1] *See Binur v. Jacobo*, 135 S.W.3d 646, 650-51 (Tex. 2004)(allowing traditional motions for summary judgment under 166a(a) to be combined with no evidence motions for summary judgment under 166a(i), even if evidence is attached).

2013CI10278 -100066

DOCUMENT SCANNED AS FILED

1.3     Plaintiffs claim that Defendant Zlotucha appeared illegally on behalf of Plaintiffs in that suit and the attorneys' fees were illegally charged. They also claim that Defendants engaged in illegal, unconscionable, negligent, deceptive and fraudulent acts in regards to their representation. Defendants respond that there is no genuine issue of material fact in respect to any of Plaintiffs' causes of action and no evidence to support the elements of each cause of action.

1.4     On June 19. 2013, Plaintiffs sued Defendants for violations of the DTPA, fraud, negligence, breach of fiduciary duty, legal malpractice, violation of Texas Penal Code §38.12, breach of contract and a declaratory judgment under Texas Government Code §82.065 and §82.0651. Defendants answered asserting a general denial and specific denial.

1.5     On March 6, 2014, Plaintiffs filed their Fourth Amended Original Petition again asserting claims for fraud, negligence, breach of fiduciary duty, legal malpractice, violations of Texas Penal Code §38.12, breach of contract, violations of the DTPA and declaratory judgment under Texas Government Code §82.065 and §82.0651. Defendants' Defendants' Affidavits and Defendants' Expert reports show Plaintiffs have no basis for any of their claims.[2]

1.6     Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, move for a no-evidence summary judgment based on Plaintiffs, DAVID GILLESPIE'S and MICHAEL O'BRIEN'S complete lack of evidence to support each of the requisite elements of their alleged causes of action against Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA.

---

[2] Zlotucha Affidavit, Exhibit 1; Hernden Affidavit Exhibit 2; Watkins Expert Report, Exhibit "7"; Johnson Affidavit, Exhibit "4," Exhibit "4-1"; Piatt Affidavit, Exhibit "3," Exhibit "3-1"; Katzman Affidavit, Exhibit "5," Exhibit "5-1."

2

DOCUMENT SCANNED AS FILED

1.7     Plaintiffs can show no evidence that Defendants made a materially false representation to Plaintiffs, that Defendants knowingly or recklessly made a false representation to Plaintiffs, that Defendants made a false representation with the intent that Plaintiffs act upon the same, that Plaintiffs relied on a false representation made by Defendants or that Plaintiffs were injured as a result of a false representation made by Defendants. Further, Plaintiffs can show no evidence that the contracts dated September 2009 and November 2011 were not valid and enforceable contracts, a necessity in order for Plaintiffs to show that Defendants made a misrepresentation. Defendants' experts state there was no statement regarding the 2009 and 2011 contracts that was false when made or that Defendants' made any false statements with the intent that Plaintiffs rely on such misrepresentation to their detriment.[3]   Finally, Plaintiffs claims for fraud should be dismissed as an improperly fractured professional negligence claim.[4] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill, or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim."[5]

1.8     Plaintiffs can show no evidence that Defendants breached a legal duty owed to Plaintiffs or that an alleged breach proximately caused an injury to the Plaintiffs, or that Defendant Zlotucha appeared illegally on behalf of Plaintiffs. Plaintiffs have failed to show that Defendants did not exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances. Plaintiffs have further failed to provide evidence that an alleged breach by

---

[3] Watkins Expert Report, Exhibit "7," page 6.
[4] Watkins Expert Report, Exhibit "7," page 6.
[5] *Law Office of Oscar C. Gonzales v. Sloan*, 447 S.W.3d 98, 106 (Tex. App. — San Antonio 2014, pet. Pending)

3

DOCUMENT SCANNED AS FILED

Defendants was a substantial factor in bringing about Plaintiffs' alleged injury or that Plaintiffs' alleged injury was foreseeable. Plaintiffs can provide no evidence to prove that they settled their claims for "far below their worth," or that Defendants engaged in self-dealing to the detriment of Plaintiffs.[6] Finally, Plaintiffs have failed to show Defendants failed to provide absolute candor, openness and honesty without concealment or deception to the detriment of Plaintiffs or that Defendants were not strictly honest about the fee arrangement.[7]

1.9    Plaintiffs can show no evidence that Defendants breached a fiduciary duty to Plaintiffs or that any alleged breach resulted in injury to Plaintiffs or a benefit to the Defendants. Plaintiffs fail to provide evidence that Defendant Zlotucha appeared illegally on behalf of Plaintiffs. Further, Plaintiffs can show no evidence that Defendants: failed to make a disclosure of material facts to Plaintiffs; engaged in self dealing; failed to account to Plaintiffs; failed to give undivided loyalty to Plaintiffs; failed to provide absolute candor, openness and honesty; failed to be strictly honest about the fee arrangement; or failed to be strictly honest. Finally, Plaintiffs' claim for breach of fiduciary duty should be dismissed as an improperly fractured professional negligence claim.[8] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill, or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim."[9]

1.10    Plaintiffs can show no evidence that Defendants committed a negligent act or omission, that Defendants breached their duty, that an alleged breach caused injury to

---

[6] Watkins Expert Report, Exhibit "7," page 7.

[7] Watkins Expert Report, Exhibit "7," page 7.

[8] Watkins Expert Report, Exhibit "7," page 6.

[9] *Gonzales*, 447 S.W.3d at 106.

4

DOCUMENT SCANNED AS FILED

Plaintiffs or that Plaintiffs suffered damages as a result of any negligence on the part of the Defendants. Plaintiffs have not even specifically enumerated facts that support the elements of a claim for legal malpractice. Plaintiffs have failed to provide evidence that Defendants did not act with the diligence required or that they lacked the minimum degree of skill, prudence or knowledge. Finally, regarding alleged damages, Plaintiffs have failed to provide evidence to prove an amount of damages they would have recovered but for the alleged breach.

1.11    Malpractice cases require that Plaintiffs have competent expert testimony on the cause of action elements of legal negligence and the standard of care.[10] The requirement of expert testimony is only excused in very limited circumstances in which the negligence is egregious and would be obvious to a lay person.[11] This is not the case here. The only expert designated by Plaintiffs in this case is Jerry Gibson. Mr. Gibson has only given an opinion on Defendants' alleged violations of Texas Disciplinary Rules of Professional Conduct, which do not give rise to civil causes of action. Gibson failed to opine on factors required to support a legal malpractice claim and/or any of the other alleged causes of action. Further, Gibson states in his expert report: "Please note that I am not critical of the role Mr. Hernden played in this case, only the amount charged to the clients."[12] Mr. Gibson also does not state in his report that Defendant Zlotucha committed any errors or omissions constituting legal malpractice or violations of other causes of action alleged by Plaintiffs. His only focus was his interpretation of alleged violations of disciplinary rules that are not supported by the record. Additionally, Mr.

[10] *Hall v. Rutherford*, 911 S.W.2d 422 (Tex. App. — San Antonio, Texas 1995, writ denied).
[11] *Geiserman v. MacDonald*, 893 F.2d 787, 794 (5th Cir. 1990); *Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 97 (Tex. App. — San Antonio 2002, pet. Denied).
[12] Gibson Expert Report, Exhibit "11," Page 8.

5

DOCUMENT SCANNED AS FILED

Gibson misconstrues Defendant Zlotucha's representation of Plaintiffs' interests in the McMullen County lawsuit as a "referral" when in fact Zlotucha joined Hernden in the representation of the clients with both Attorneys participating in said representation of Plaintiffs. Professor Piatt recognized Zlotucha's involvement as co-counsel (Exhibit 3) and Professor Johnson found no violation of any fee-splitting rules and Zlotucha had authority to represent the Clients and Hernden had the right to associate with Zlotucha (Exhibit 4, pgs18-21 and 4-1). Based on the expert reports of Piatt, Johnson, Katzman and Watkins, made in response to Mr. Gibson's report, Defendants have not violated the disciplinary rules.[13] Plaintiffs' expert witness has failed to report on the elements of a cause of action for legal negligence. As a result, Plaintiffs have failed to provide expert testimony regarding the standard of care as required in legal malpractice cases.[14]

1.12    Assuming, *arguendo,* that Defendants were subject to civil liability as a result of a violation of Texas Penal Code §38.12, which had no legal effect as a civil cause of action at the time of the contract at issue in this case, Plaintiffs have failed to provide evidence that Defendants were not authorized to pursue a suit or claim or knowingly financed the commission of an offense under §38.12(a). Plaintiffs knew Defendants represented them in their cases, they agreed to said representation and they assisted Defendants in the performance of legal services.[15] Violations of the criminal law require sufficient evidence as to each element of the cause of action, and there is no evidence of each essential element of Plaintiffs' claim violation of Texas Penal Code §38.12. Furthermore, the Texas Penal Code does not give rise to civil liability in the instant case.

[13] Watkins Expert Report, Exhibit "7," page 4; Johnson Affidavit, Exhibit "4," page 16-18, Exhibit "4-1," page 5; Piatt Affidavit, Exhibit "3," pages 1, 3-4, Exhibit "3-1," pages 2-3 ; Katzman Affidavit, Exhibit "5-1," page 4.
[14] *See Hall*, 911 S.W.2d at 424.
[15] Watkins Expert Report, Exhibit "7," page 8.

6

DOCUMENT SCANNED AS FILED

1.13    Plaintiffs can show no evidence that Plaintiffs tendered performance or were excused from doing so, or that Defendants breached a contract and Plaintiffs sustained damages as a result. Plaintiffs provide no evidence that Defendants violated Texas Government Code §82.065, other than mere conclusory allegations. Further, Plaintiffs have offered no proof of barratry so as to invoke the voidable provision of §82.065(b).[16] As stated previously, Texas Government Code §82.0651 was not in effect at the time the employment contracts were signed. Plaintiffs further provide no evidence that the contracts were unconscionable, unenforceable or that Defendants neglected or refused to perform contractual obligations. Finally, Plaintiffs have provided no evidence that Defendants failed to be strictly honest and engaged in self-dealing. Finally, Plaintiffs' claim for breach of contract should be dismissed as an improperly fractured professional negligence claim.[17] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill, or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim."[18]

1.14    Plaintiffs can show no evidence that Plaintiffs meet the statutory definition of consumers or that Defendants can be sued under the DTPA. Further, Plaintiffs can show no evidence that Defendants committed a false, misleading or deceptive act or practice under Texas Business and Commerce Code §17.46(b). Plaintiffs can show no evidence that Defendants represented that goods or services were of a particular standard, quality or grade when they were of another or that Defendants represented that an agreement conferred or involved rights, remedies or obligations it did not or that were prohibited by

---

[16] Watkins Expert Report, Exhibit "7," page 4.
[17] Watkins Expert Report, Exhibit "7," page 6.
[18] *Gonzales*, 447 S.W.3d at 106.

DOCUMENT SCANNED AS FILED

law. Plaintiffs can show no evidence that Defendants engaged in an unconscionable action towards Plaintiffs, that they breached an express or implied warranty, or that they violated the Texas Insurance Code chapter 541 or a "tie in" consumer statute. Plaintiffs can show no evidence that Defendants made any misrepresentations or that any alleged misrepresentations cannot be characterized as advice, judgment or opinion. In addition, Plaintiffs can show no evidence that Defendants' alleged actions were a producing cause of Plaintiffs' damages or that Plaintiffs suffered any damages. Finally, Plaintiffs' claim for violation of the DTPA should be dismissed as an improperly fractured professional negligence claim.[19] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill, or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim."[20]

1.13  Plaintiffs can show no evidence that there is a justiciable controversy regarding the rights or status of the parties, that a declaration will resolve the alleged controversy, that the settlement contracts violate Texas Government Code §§ 82.065 and 82.0651, or that the settlement contracts are illegal, unenforceable, or unconscionable.

1.14  Defendants are entitled to summary judgment because there are no genuine issues of material fact concerning the Plaintiffs causes of action of fraud, negligence, breach of fiduciary duty, legal malpractice, violations of Texas Penal Code §38.12, breach of contract, violations of the Texas DTPA or declaratory judgment. Further, Defendants are entitled to summary judgment because there are no genuine issues of material fact concerning Defendants' Affirmative defense of quasi-estoppel.

---

[19] Watkins Expert Report, Exhibit "7," page 6.
[20] *Gonzales*, 447 S.W.3d at 106.

8

DOCUMENT SCANNED AS FILED

1.15    Plaintiffs' claims for fraud, breach of fiduciary duty, breach of contract, and violations of the Texas DTPA should be dismissed as improperly fractured professional negligence claims. "If the gist of the complaint is that the attorney did not exercise the degree of care, skill or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim."[21]

1.15    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, move for a traditional summary judgment on the basis that there is no genuine issue of material fact relating to Plaintiffs' causes of action for fraud, negligence, breach of fiduciary duty, legal malpractice, violations of Texas Penal Code §38.12, breach of contract, violation of the DTPA. The Plaintiffs are likewise unable to establish a genuine issue of material fact regarding their pursuit of a declaratory judgment.  Furthermore, Defendants are entitled to judgment as a matter of law.

1.16    A.L. HERNDEN and FREDERICK R. ZLOTUCHA filed and served this motion on Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN, at least 21 days before the hearing on the motion.

## II. NO-EVIDENCE SUMMARY JUDGMENT

### a.  Summary Judgment Standard

2.0     Texas Rule of Civil Procedure 166a(i) states that after adequate time for discovery, a party without presenting summary judgment evidence, may move for summary judgment on the ground that there is no evidence of one or more essential

---

[21] *Gonzales*, 447 S.W.3d at 106; Watkins Expert Report, Exhibit "7," page 6.

DOCUMENT SCANNED AS FILED

elements of a claim on which the plaintiff would have the burden of proof at trial.[22] The Court must grant summary judgment if the plaintiff fails to bring forth more than a scintilla of evidence of the challenged element. *Id.*

**b. Arguments and Authorities**

**1. FRAUD**

2.1 In a fraud claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1) The defendants made a representation to the plaintiffs;

(2) The representation was material;

(3) The representation was false;

(4) When the defendants made the representation, the defendants knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth;

(5) The defendants made the representation with the intent that the plaintiffs act on it;

(6) The plaintiffs relied on the representation; and

(7) The representation caused the plaintiffs' injury. [23]

2.2 Plaintiffs claim in their Fourth Amended Original Petition that Defendants represented that the contracts dated September 2009 (Employment Agreements) and November 2011 (Disbursement and Settlement Statement) were valid and enforceable contracts; Plaintiffs relied on this alleged misrepresentation and; as a result, Plaintiffs

---

[22] TEX. R. CIV. P. 166a(i).
[23] *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011).

DOCUMENT SCANNED AS FILED

were deprived of a large sum of money that was paid as attorneys fees. Defendants assert that there is no evidence to support each of the above elements (1) through (7).[24]

2.3 Plaintiffs can show no evidence that Defendants made a materially false representation to Plaintiffs, that Defendants knowingly or recklessly made a false representation to Plaintiffs, that Defendants made a false representation with the intent that Plaintiffs act on it, that Plaintiffs relied on a false representation made by Defendants or that Plaintiffs were injured as a result of a false representation made by Defendants. Further, Plaintiffs can show no evidence that the contracts dated September 2009 and November 2011 were not valid and enforceable contracts, a necessity in order for Plaintiffs to show that Defendants made a misrepresentation. There is no evidence of each of the essential elements of Plaintiffs' cause of action for fraud.

2.4 Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on fraud.

### 2. NEGLIGENCE

2.5 In a negligence claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1) The defendants owed a legal duty to plaintiffs;

(2) The defendants breached the duty;

(3) The breach proximately caused the plaintiffs' injury.[25]

---

[24] Plaintiffs' Fourth Amended Original Petition, pages 3-4, Watkins Expert Report, Exhibit "7," page 6.

11

DOCUMENT SCANNED AS FILED

2.6     Plaintiffs claim in their Fourth Amended Original Petition that Defendants negligently advised Plaintiffs to settle their claim for sums far below their worth. Defendants assert that there is no evidence to support elements (2) and (3).[26]

2.7     In an attorney-client relationship, an attorney has a duty to exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances.[27]

2.8     In order for a plaintiff to prove that the breach proximately caused the injury, plaintiff must show cause-in-fact and foreseeability.[28] To show cause-in-fact, the trier of fact will look to whether the negligent act or omission was a substantial factor in bringing about injury and whether the injury would have occurred without the act or omission.[29] A plaintiff cannot prove cause-in-fact by mere conjecture, guess or speculation.[30] The evidence must be sufficient for the jury to determine within a reasonable probability that the plaintiff's injury would not have occurred but for the defendant's negligence.[31] To show foreseeability, the plaintiff must establish that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission.[32] There are two factors to consider: (1) whether the injury is of a general character that might reasonably have been anticipated; and (2) whether the injured party may be situated in

---

[25] *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

[26] Plaintiffs' Fourth Amended Original Petition, page 4, Watkins Expert Report, page 7.

[27] *Cosgrove v. Grimes*, 774 S.W.2d 662, 664-665 (Tex. 1989); Watkins Expert Report, Exhibit "7," page 7.

[28] *Western Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).

[29] *Del Lago Partners v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010).

[30] *Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex. 2002).

[31] *Lenger v. Physician's gen. Hosp., Inc.*, 455 S.W.2d 703, 706 (Tex. 1970).

[32] *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

12

DOCUMENT SCANNED AS FILED

relation to the wrongful act so that the injury to her or to someone similarly situated might reasonably have been foreseen.[33]

2.9     Plaintiffs can show no evidence that Defendants breached a legal duty owed to Plaintiffs, that an alleged breach proximately caused Plaintiffs' injury or that Defendant Zlotucha appeared illegally on behalf of Plaintiffs. Plaintiffs have failed to show that Defendants did not exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances. Plaintiffs have further failed to provide evidence that an alleged breach by Defendants was a substantial factor in bring about Plaintiffs' alleged injury and that Plaintiffs' alleged injury was foreseeable. Plaintiffs can provide no evidence to prove that they settled their claims for "far below their worth" or that Defendants engaged in self-dealing to the detriment of Plaintiffs.[34] Finally, Plaintiffs have failed to show Defendants failed to provide absolute candor, openness and honesty without concealment or deception to the detriment of Plaintiffs or that Defendants were not strictly honest about the fee arrangement.[35] These assertions by Plaintiffs are nothing more than mere conjecture. There is no evidence for each of the essential elements (2) through (3) of Plaintiffs' cause of action for negligence.

2.10    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible

---

[33] *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 551 (Tex. 1985).
[34] Plaintiffs' Fourth Amended Original Petition, page 4; Watkins Expert Report, Exhibit "7," page 7.
[35] Watkins Expert Report, Exhibit "7," page 7.

13

DOCUMENT SCANNED AS FILED

evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on negligence.[36]

### 3. BREACH OF FIDUCIARY DUTY

2.11 In a breach of fiduciary duty claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1) the plaintiffs and the defendants had a fiduciary relationship;

(2) the defendants breached their fiduciary duty to the plaintiff;

(3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant.[37]

2.12 Plaintiffs claim in their Fourth Amended Original Petition that Defendants: (1) failed to make a disclosure of material facts to Plaintiffs regarding the requirement of written employment contracts and settlement of case; (2) engaged in self dealing; (3) failed to account to Plaintiffs; (4) failed to give Plaintiffs their undivided loyalty; (5) failed to provide absolute candor, openness and honesty without concealment or deception by engaging in self dealing in the settlement of Plaintiffs' case; and (6) failed to be strictly honest regarding the fee arrangements. Defendants assert that there is no evidence to support elements (2) and (3).[38]

2.13 A claim for breach of fiduciary duty regarding an attorney client relationship focuses on whether the attorney acted with integrity and fidelity.[39] Some of the duties an attorney owes a client are: the duty to inform the client of matters material to

---

[36] Watkins Expert Report, Exhibit "7," page 7.

[37] *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. — Dallas 2010, no pet.).

[38] Plaintiffs' Fourth Amended Original Petition, page 4; Watkins Expert Report, Exhibit "7," page 6.

[39] *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App. — Dallas 2007, pet denied).

14

DOCUMENT SCANNED AS FILED

representation,[40] the duty to be strictly honest about fee arrangements and to refrain from self dealing,[41] the duty to act with absolute perfect candor, openness, and honesty, and without any concealment or deception.[42]

2.14    Plaintiffs can show no evidence that Defendants breached a fiduciary duty to Plaintiffs or that any alleged breach resulted in injury to Plaintiffs or a benefit to the Defendants. Plaintiffs failed to provide evidence that Defendant Zlotucha appeared illegally on behalf of Plaintiffs. Further, Plaintiffs can show no evidence that Defendants: failed to make a disclosure of material facts to Plaintiffs; engaged in self dealing; failed to account to Plaintiffs; failed to give undivided loyalty to Plaintiffs; failed to provide absolute candor, openness and honesty; failed to be strictly honest about the fee arrangement; or failed to be strictly honest. Plaintiffs make bald accusations and conclusory statements without any evidence of same. There is no evidence for each of the essential elements (2) and (3) of Plaintiffs' cause of action for breach of fiduciary duty.[43]

2.15    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on breach of fiduciary duty.

4.    **LEGAL MALPRACTICE**

---

[40] *Joe v. Two Thirty Nine Jt. V.*, 145 S.W.3d 150, 160 (Tex. 2004).

[41] *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 22-23 (Tex. App. — Tyler 2000, pet denied).

[42] *Beck v. Law Office of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App. — Austin 2009, no pet.).

[43] Watkins Expert Report, Exhibit "7," page 6.

15

DOCUMENT SCANNED AS FILED

2.16    In a legal malpractice claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

        (1)     the attorneys owed the plaintiffs a duty;

        (2)     the attorneys' negligent act or omission breached that duty;

        (3)     the breach proximately caused the plaintiffs' injury;

        (4)     the plaintiffs suffered damages.[44]

2.17    Plaintiffs claim in their Fourth Amended Original Petition a cause of action for legal malpractice, however, this claim is made only in a section heading and provides no elements of the cause of action, facts supporting said elements, or any analysis. Defendants assert that Plaintiffs provide no evidence to support elements (2) thru (4).[45]

2.18    In order for a plaintiff to prove legal malpractice, he must establish the attorney breached the standard of care for attorneys: conduct that would be exercised by a reasonably prudent attorney.[46] If the attorney's decision was one that a reasonably prudent attorney could make in the same or similar circumstances, the attorney was not negligent.[47] To prove breach of the standard of care, the plaintiff must show the attorney did not act with the diligence required or lacked the minimum degree of skill, prudence and knowledge.[48]

---

[44] *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009).

[45] Plaintiffs' Fourth Amended Original Petition, page 4.

[46] *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989).

[47] *Id.* at 665.

[48] *James V. Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 95 (Tex. App. — San Antonio 2002, pet. Denied).

DOCUMENT SCANNED AS FILED

2.19 A violation of the Texas Disciplinary Rules of Professional Conduct does not create a presumption that an attorney breached the standard of care, nor does it give rise to a private cause of action.[49]

2.20 To prove legal malpractice, a plaintiff must establish proximate cause, including both cause-in-fact and foreseeability.[50] To be a cause-in-fact, the attorney's act or omission must have been a substantial factor in bringing about the injury that otherwise would not have occurred.[51]

2.21 If the plaintiffs claim that they would have received a greater recovery in the underlying suit but for the attorney's negligence, the plaintiff must prove the amount of damages it would have recovered if the suit had been properly litigated[52] and the amount of recoverable damages that would have been collectible from the defendant in the underlying suit by showing that the defendant would have been able to satisfy the judgment when it was signed or sometime thereafter.[53]

2.22 If the plaintiff claims that the attorney's negligence caused the plaintiff to incur additional attorney fees and expenses, the plaintiff must establish the amount of fees and expenses that were actually paid by the plaintiff.[54]

2.23 Malpractice cases require that Plaintiffs have competent expert testimony on the cause of action elements of legal negligence and the standard of care.[55] The requirement

---

[49] TEX. DISCIPLINARY R. PROF'L CONDUCT preamble ¶ 15.

[50] *Rodriguez v. Klein*, 960 S.W.2d 179, 184 (Tex. App. — Corpus Christi 1997, no pet.).

[51] *Prudential Ins. Co. v. Jefferson Assocs. Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995).

[52] *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009).

[53] *Id.* at 113-14.

[54] *Id.* at 111 n.3.

[55] *Hall*, 911 S.W.2d at 422.

DOCUMENT SCANNED AS FILED

of expert testimony is only excused in very limited circumstances in which the negligence is egregious and would be obvious to a layperson.[56]

2.24    Plaintiffs can show no evidence that Defendants committed a negligent act or omission, that Defendants breached their duty, that an alleged breach caused injury to Plaintiffs and that Plaintiffs suffered damages. Plaintiffs have not even specifically enumerated facts that support the elements of a claim for legal malpractice and have failed to provide expert testimony regarding the elements of legal negligence and the standard of care. Plaintiffs' only expert, Gibson, has only given an opinion on Defendants' alleged violations of Texas Disciplinary Rules of Professional Conduct, which does not give rise to a civil cause of action. The alleged negligence is not so egregious and obvious to a lay person that Plaintiffs would be excused from providing expert testimony on the standard of care, and thus, Plaintiffs have provided no evidence regarding the standard of care for legal malpractice. Further, Plaintiffs have failed to provide evidence that Defendants did not act with the diligence required or that they lacked the minimum degree of skill, prudence or knowledge. Finally, with regards to alleged damages, Plaintiffs have failed to provide evidence, which proves an amount of damages they would have recovered but for the alleged breach. There is no evidence of each of the essential elements (2) through (4) of Plaintiffs' cause of action for legal malpractice.[57]

2.25    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible

---

[56] *Geiserman*, 893 F.2d at 794; *Mazuca*, 82 S.W.3d at 97.
[57] Plaintiffs' Fourth Amended Original Petition, page 4; Watkins Expert Report, Exhibit "7," page 6.

18

DOCUMENT SCANNED AS FILED

evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on legal malpractice.

### 5.   VIOLATIONS OF TEXAS PENAL CODE §38.12

2.26   Under Texas Penal Code §38.12(a)(1), a person commits an offense if, with the intent to obtain an economic benefit, the person knowingly institutes a suit or claim that the person has not been authorized to pursue. Under Texas Penal Code §38.12(b)(1) and (2), a person commits an offense if the person: (1) knowingly finances the commission of an offense under subsection (a) or (2) invests funds the person knows or believes are intended to further the commission of an offense under subsection (a).

2.27   Plaintiffs claim in their Fourth Amended Original Petition that Defendants violated Texas Penal Code §§38.12(a)(1), (b)(1) and (b)(2) by knowingly instituting, settling and representing Plaintiffs in a suit or claim that they were not authorized to pursue and knowingly financing the commission of an offense under said chapter. Defendants assert that there is no evidence to support any elements of §§38.12(a)(1), (b)(1) or (2).[58]

2.28   Civil liability for a violation of Texas Penal Code §38.12 is provided for in Texas Government Code §82.0651, which allows a client to bring an action to void a legal services contract procured as a result of conduct that violates Texas Penal Code §38.12 and recover damages enumerated under subsection (b).[59] Texas Government Code §82.0651 was enacted by Acts 2011, 82nd Legislature, chapter 94 (S.B. 1716), section 2 and went into effect on September 1, 2011.[60] The employment contracts in the instant

---

[58] Plaintiffs' Fourth Amended Original Petition, pages 4-5; Watkins Expert Report, Exhibit "7," page 8.
[59] TEX. GOV. CODE §82.0651(a).
[60] Acts 2011, 82nd Leg., ch. 94 (S.B. 1716), §2.

19

DOCUMENT SCANNED AS FILED

case were signed in September of 2009. Senate Bill 1716 provides that Section 82.0651 "does not apply to prohibited conduct that occurred before the effective date: September 1, 2011.[61] Thus, there is no civil liability for the alleged violation of Texas Penal Code §38.12 because Texas Government Code §82.0651 was enacted after the employment agreements were signed.

2.29    However, even if Defendants were subject to civil liability as a result of a violation of Texas Penal Code §38.12, Plaintiffs have failed to provide evidence that Defendants were not authorized to pursue a suit or claim or knowingly financed the commission of an offense under §38.12(a). There is no evidence of each essential element of Plaintiffs' claim violation of Texas Penal Code §38.12 and further, said code does not give rise to civil liability in the instant case.

2.30    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on violations of Texas Penal Code §38.12.

### 6.    BREACH OF CONTRACT

2.31    In a breach of contract claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1) A valid contract existed between the plaintiffs and the defendants;

(2) The plaintiffs tendered performance or were excused from doing so;

(3) The defendants breached the terms of the contract; and

---

[61] Acts 2011, 82nd Leg., ch. 94 (S.B. 1716), §3(b).

20

DOCUMENT SCANNED AS FILED

(4) The plaintiffs sustained damages as the result of the defendants' breach.[62]

2.32    Plaintiffs claim in their Fourth Amended Original Petition that the contracts between Defendant Hernden and Plaintiffs are unenforceable because of violations to Texas Government Code §§82.065 and 82.0651 and that said contracts are unconscionable and unenforceable. In the alternative, Plaintiffs claim that the Defendants failed to be strictly honest regarding fee arrangements and engaged in self-dealing and thus breached said contracts. Defendants assert that there is no evidence to support elements (2) through (4).[63]

2.33    Breach means the failure, without legal excuse, to perform a promise that forms all or part of an agreement, the refusal to recognize the existence of an agreement, or the doing of something inconsistent with its existence.[64]

2.34    A defendant can breach a contract by neglecting or refusing to perform contractual obligations,[65] making performance impossible,[66] or improperly terminating the contract or repudiating the contract.[67]

2.35    The breach must have caused injury, which is a natural, probable and foreseeable consequence of the defendant's breach.[68] In order for a plaintiff to recover actual

---

[62] *West v. Triple B. Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App. — Houston [14th Dist] 2008, no pet.).

[63] Plaintiffs' Fourth Amended Original Petition, page 5; Watkins Expert Report, Exhibit "7," page 4-5.

[64] *DeSantis v. Wackenhut Corp.*, 732 S.W.2d 29, 34 (Tex. App. — Houston [14th Dist.] 1987), *rev'd in part on other grounds*, 793 S.W.2d 670 (Tex. 1990).

[65] *Tennessee Gas Pipeline Co. v. Lenape Res.*, 870 S.W.2d 286, 302 (Tex. App. — San Antonio 1993) *rev'd in part on other grounds*, 925 S.W.2d 565 (Tex. 1996)

[66] *Stephenson v. Calliham*, 60 S.W.2d 805, 807 (Tex. App. — Beaumont 1993, writ ref'd), *O'Shea v. IBM Corp*, 578 S.W.2d 844, 846 (Tex. App. — Houston [1st Dist.] 1979, writ ref'd n.r.e)

[67] *Gunter Hotel v. Buck*, 775 S.W.2d 689, 697 (Tex. App. — San Antonio 1989, writ denied).

[68] *Mead v. Johnson Grp.* 615 S.W.2d 685, 687 (Tex. 1981).

21

DOCUMENT SCANNED AS FILED

damages, the plaintiff must prove it suffered some monetary loss as a result of the breach.[69]

2.36    Plaintiffs can show no evidence that Plaintiffs tendered performance or were excused from doing so, Defendants breached a contract and Plaintiffs sustained damages as a result. Plaintiffs provide no evidence that Defendants violated Texas Government Code §82.065, other than conclusory allegations. Further, Plaintiffs have offered no proof of barratry so as to invoke the voidable provision of §82.065(b).[70] As stated previously, Texas Government Code §82.0651 was not in effect at the time the employment contracts were signed. Plaintiffs further provide no evidence that the contracts were unconscionable, unenforceable or that Defendants neglected or refused to perform contractual obligations. Finally, Plaintiffs have provided no evidence that Defendants failed to be strictly honest and engaged in self-dealing. These allegations are conclusory and not based on any facts or evidence. There is no evidence of each of the essential elements (2) through (4) of Plaintiffs' cause of action for breach of contract.[71]

2.37    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on breach of contract.

### 7.    VIOLATIONS OF DTPA

---

[69] *Allen v. American Gen. Fin. Inc*, 251 S.W.3d 676, 685 (Tex. App. — San Antonio 2007, pet granted, judgm't vacated w.r.m.)

[70] Watkins Expert Report, Exhibit "7," page 4.

[71] Watkins Expert Report, Exhibit "7," page 4-5.

DOCUMENT SCANNED AS FILED

2.38    In a DTPA claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1)    the plaintiffs are consumers;

(2)    the defendants can be sued under the DTPA;

(3)    the defendants committed one or more of the following wrongful acts:

(a)    a false, misleading, or deceptive act or practice that is specifically enumerated in the laundry list found in Texas Business and Commerce code §17.46(b) and that was relied on by the plaintiffs to the plaintiffs' detriment;

(b)    a breach of an express or implied warranty;

(c)    any unconscionable action or course of action;

(d)    the use or employment of an act or practice in violation of Texas Insurance Code chapter 541, or;

(e)    a violation of one of the "tie-in" consumer statutes, as authorized by Texas Business & Commerce Code §17.50(h), which are classified as false, misleading, or deceptive acts or practices

(4)    the defendants' action was a producing cause of the plaintiffs' damages.[72]

2.39    Plaintiffs claim in their Fourth Amended Original Petition that Defendants violated Texas Business and Commerce Code §§17.46(b)(7), (12) and 17.50(a)(1), (2), (3) and engaged in an unconscionable action towards Plaintiffs. Defendants assert that there is no evidence to support elements (1) through (4).[73]

---

[72] TEX. BUS. & COM. CODE §§17.41-17.63.
[73] Plaintiffs' Fourth Amended Original Petition, pages 5-6; Watkins Expert Report, Exhibit "7," page 8-9.

23

DOCUMENT SCANNED AS FILED

2.40    Section §17.46 states that the term "false, misleading, or deceptive acts or practices" include: "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[74] or representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law.[75]

2.41    Section §17.50(a) provides that a consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish: (1) the use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of subsection (b) of section §17.46 of this subchapter and relied on by a consumer to the consumer's detriment; (2) breach of an express or implied warranty; or (3) any unconscionable action or course of action by any person.[76]

2.42    A consumer is an individual, a partnership, a corporation, the State of Texas, or a subdivision or agency of the State, who seeks or acquires goods or services by purchase or lease.[77] Purchase is defined as the transmission of property or services from one person to another by a voluntary act or agreement, founded on valuable consideration.[78]

2.43    Generally, a plaintiff cannot sue a professional under the DTPA based on the professional's advice, judgment, opinion or similar professional skill.[79] A plaintiff can only sue a professional under the DTPA for (1) express misrepresentations of material

---

[74] TEX. BUS. & COM. CODE §17.46(b)(7).

[75] TEX. BUS. & COM. CODE §17.46(b)(12).

[76] TEX. BUS. & COM. CODE §17.50(a)(1)-(3).

[77] Tex. Bus. & Com. Code §17.45(4).

[78] *Houston Livestock Show & rodeo, Inc. v. Hamricki,* 125 S.W.3d 555, 572 (Tex. App. — Austin 2003, no pet.).

[79] TEX. BUS. & COM CODE §17.49(c), (d).

DOCUMENT SCANNED AS FILED

facts that cannot be characterized as advice, judgment or opinion (2) failure to disclose known information in violation of Tex Bus. & Com Code §17.46(b)(24), (3) selling, offering to sell, or illegally promoting an annuity contract with the intent that it will be the subject of a salary-reduction agreement in violation of §17.46(b)(26), (4) unconscionable actions or courses of action that cannot be characterized as advice, judgment, or opinion, or (5) breaches of express warranty that cannot be characterized as advice, judgment or opinion.[80]

2.44    To prove a DTPA action, the plaintiff must establish the defendant's actions were a producing cause of the plaintiff's damages.[81] A producing cause requires that the act be both a cause-in-fact and a substantial factor in causing the plaintiff's injuries.[82]   A producing cause is a cause that was a substantial factor in bringing about an injury, and without which the injury would not have occurred.[83] The plaintiff must show that it sustained economic or mental anguish damages.[84]

2.45    Plaintiffs can show no evidence that Plaintiffs are consumers or that Defendants can be sued under the DTPA. Further, Plaintiffs can show no evidence that Defendants committed a false, misleading or deceptive act or practice under Texas Business and Commerce Code §17.46(b). Plaintiffs can show no evidence that Defendants represented that goods or services were of a particular standard, quality or grade when they were of another or that Defendants represented that an agreement conferred or involved rights, remedies or obligations it did not or that were prohibited by law. Plaintiffs can show no

---

[80] TEX. BUS. & COM. CODE §17.49(c).
[81] TEX. BUS & COM CODE §17.50(a).
[82] *Brown v. Bank of Galveston*, 963 S.W.2d 511, 514 (Tex. 1998).
[83] *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007).
[84] TEX. BUS. & COM. CODE §17.50(a).

DOCUMENT SCANNED AS FILED

evidence that Defendants engaged in an unconscionable action towards Plaintiffs, that they breached an express or implied warranty, or that they violated the Texas Insurance Code chapter 541 or a "tie in" consumer statute. Plaintiffs can show no evidence that Defendants made any misrepresentations or that any alleged misrepresentations cannot be characterized as advice, judgment or opinion. Finally, Plaintiffs can show no evidence that Defendants' alleged actions were a producing cause of Plaintiffs' damages or that Plaintiffs suffered any damages. There is no evidence of each of the essential elements of Plaintiffs' cause of action for violation of the Texas DTPA.

2.46    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based on violations of the DTPA.

## 8.    DECLARATORY JUDGMENT

2.47    The purpose of the Declaratory Judgment Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations."[85]   A declaratory judgment is appropriate when there is a justiciable controversy regarding the rights and status of the parties and a declaration will resolve said controversy.[86]

2.48    Plaintiffs seek in their Fourth Amended Original Petition a declaratory judgment that the "settlement contracts" are void, the Defendants' interest to the proceeds of the settlement is void and that Plaintiffs are entitled to reasonable and necessary attorneys fees.

---

[85] TEX. CIV. PRAC. & REM CODE §37.002(b).
[86] *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

DOCUMENT SCANNED AS FILED

2.49    Texas Government Code §§82.065 and 82.0651 deal with contingent fee contracts for legal services. The "settlement contract" (Disbursement and Settlement Statement) referred to by Plaintiffs is not a contingent fee contract for legal services, but rather an outline of the settlement amounts and the distribution of same to the Plaintiffs as their recovery and the Defendants as attorneys' fees. Plaintiffs signed the contingent fee contracts in this case in September of 2009. Thus, Texas Government Code §§82.065 and 82.0651 are not applicable to the "settlement contract."

2.50    Plaintiffs can show no evidence that there is a justiciable controversy regarding the rights or status of the parties, that a declaration will resolve the alleged controversy, that the settlement contracts violate Texas Government Code §82.065 and §82.0651, or that the settlement contracts are illegal, unenforceable, or unconscionable. Further, Plaintiffs can show no evidence that Texas Government Code §82.065 and §82.0651 are applicable to the "settlement contracts." There is no evidence of each of the essential elements of Plaintiffs' cause of action for declaratory judgment.

2.51    Defendants, A.L. HERNDEN and FREDERICK R. ZLOTUCHA, are entitled to summary judgment because Plaintiffs, MICHAEL O'BRIEN and DAVID GILLESPIE, cannot, by depositions, answers to interrogatories, admissions on file, or other admissible evidence, demonstrate that there is any evidence to support their claim and/or theory of recovery based declaratory judgment.

c.  **Adequate Time for Discovery**

2.52    Adequate time for discovery has passed. Suite was filed June 19, 2013. Since that time, the parties have exchanged written discovery and the depositions of Plaintiffs,

27

DOCUMENT SCANNED AS FILED

Defendants and non-parties have been taken. The discovery period ends on February 18, 2015 and the case is set for trial on May 18, 2015.

## III. TRADITIONAL SUMMARY JUDGMENT

### a. Standard of Review

3.0    A movant is entitled to a summary judgment when it shows there is no genuine issue as to a material fact, and it is thus entitled to judgment as a matter of law.[87] A defendant who conclusively negates at least one of the essential elements of plaintiff's causes of action, or who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment.[88] Once the movant has established a right to summary judgment, the burden shifts to the non-movant. The non-movant must then respond to the motion for summary judgment and present to the court any issues, which would preclude summary judgment.[89]

### b. Summary Judgment Evidence

3.1    Defendants reference and incorporate herein for all purposes the following Summary Judgment Evidence:

A.    Affidavit of Frederick R. Zlotucha, which is attached hereto as Exhibit "1." Said affidavit is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

B.    Affidavit of A.L. Hernden, which is attached hereto as Exhibit "2." Said affidavit is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

---

[87] TEX. R. CIV. P. 166a(c);  *Lear Siegler, Inc. V. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).
[88] *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).
[89] *City of Houston v. Clear Creek Basin Aust.*, 589 S.W.2d 671, 678 (Tex. 1979).

DOCUMENT SCANNED AS FILED

C.    Affidavit of Robert William ("Bill") Piatt, Jr., which are attached hereto as Exhibits "3" and "3-1." Said affidavits are incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

D.    Affidavit of Professor Vincent R. Johnson, which are attached hereto as Exhibits "4" and "4-1." Said affidavits are incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

E.    Affidavit of Attorney Alex L. Katzman, which are attached hereto as Exhibits "5" and "5-1." Said affidavits are incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

F.    Affidavit of Attorney Kurt Daniel, which is attached hereto as Exhibit "6." Said affidavit is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

G.    Affidavit of Attorney Phil Watkins, which is attached hereto as Exhibit "7." Said affidavit is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

H.    A true and correct copy of Plaintiff, David Gillespie's, deposition testimony, which is attached hereto as Exhibit "8," and all relevant portions are identified in the Affidavits attached or in this Motion.

I.    A true and correct copy of Plaintiff, Michael O'Brien's, deposition testimony, which is attached hereto as Exhibit "9," and all relevant portions are identified in the Affidavits attached or in this Motion.

J.    A true and correct copy of the Disbursement and Settlement Statement dated November 7, 2011 is attached hereto as Exhibit "10." Said Disbursement and

29

DOCUMENT SCANNED AS FILED

Settlement Statement is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

K. Expert Report of Jerry A. Gibson, which is attached hereto as Exhibit "11."

L. A true and correct copy of the Assignment of Overriding Royalty Interest, which is attached hereto as Exhibit "12." Said Assignment of Overriding Royalty Interest is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

M. Emails from Gillespie related to client files, which are attached hereto as Exhibits "13" and "14." Said emails are incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

N. A true and correct copy of the email from David Gillespie to Henry Grun dated July 22, 2010, which is attached hereto as Exhibit "15." Said email is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

O. A true and correct copy of the employment agreement between A.L. Hernden and David Gillespie, attached hereto as Exhibit "16." Said employment agreement is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

P. A true and correct copy of the employment agreement between A.L. Hernden and Michael O'Brien, attached hereto as Exhibit "17." Said employment agreement is incorporated herein by reference for all purposes as if expressly set forth verbatim herein.

DOCUMENT SCANNED AS FILED

Q.      Verification that attached exhibits are true and correct copies maintained in the files in this cause, attached hereto as Exhibit "18."

R.      Defendants further request that the Court take Judicial Notice of the entire case file in this proceeding, including the current pleadings and exhibits filed by the parties.

### c.      Argument and Authorities

3.2      Defendants are entitled to summary judgment because there are no genuine issues of material fact concerning the Plaintiffs causes of action of fraud, negligence, breach of fiduciary duty, legal malpractice, violations of Texas Penal Code §38.12, breach of contract, violations of the Texas DTPA or declaratory judgment. Further, Defendants are entitled to summary judgment because there are no genuine issues of material fact concerning Defendants' Affirmative defense of quasi-estoppel.

### 1.      FRAUD

3.3      Defendants incorporate by reference sections 2.1 through 2.2 above as if fully set forth herein.

3.4      In a fraud claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1) The defendants made a representation to the plaintiffs;

(2) The representation was material;

(3) The representation was false;

(4) When the defendants made the representation, the defendants knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth;

31

DOCUMENT SCANNED AS FILED

(5) The defendants made the representation with the intent that the plaintiffs act on it;

(6) The plaintiffs relied on the representation; and

(7) The representation caused the plaintiffs injury.[90]

3.5     Plaintiffs claim in their Fourth Amended Original Petition that Defendants represented the employment contracts and disbursement and settlement statements were valid and enforceable, that Plaintiffs relied on this alleged misrepresentation and that they were deprived of the money that was designated as attorneys' fees.

3.6     Plaintiffs' claim for fraud should be dismissed as an improperly fractured legal negligence claim. "If the gist of the complaint is that the attorney did not exercise the degree of care, skill or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim.[91]

3.7     Plaintiffs judicially admit that they signed the contracts with Defendant Hernden and that said contracts were in writing as required by Texas Government Code §82.065.[92] Further, Defendants' experts state that Defendant Zlotucha complied with Texas Government Code §82.065[93] and there are valid and enforceable written contingent fee contracts between Defendant Hernden and Plaintiffs.[94]

3.8     Plaintiffs also admit in their depositions that the contracts were valid, the representation of Plaintiffs by Defendant Zlotucha was at the direct request of both

---

[90] *Italian Cowboy,* 341 S.W.3d at 337.

[91] *Gonzales,* 447 S.W.3d at 106; Watkins Expert Report, attached hereto as Exhibit "7," page 6.

[92] Gillespie deposition: P 12, lines 2-8; P63 lines 3-9, 15-19; O'Brien deposition: P32, lines 3-8.

[93] Piatt Aff. Exhibit "3" pg 8-9; Johnson Aff. Exhibit "4" pg. 8.

[94] Johnson Aff. Exhibit "4" pg. 10-18.

32

DOCUMENT SCANNED AS FILED

Plaintiffs and both Plaintiffs agreed upon said representation and conducted extensive communications and meetings with Defendant Zlotucha throughout the period of his representation of Plaintiffs in conjunction with Defendant Hernden.[95] In Plaintiff Gillespie's Deposition, in response to the question: "You would – You've testified that you authorized me and agreed that I would represent your interest in the McMullen County lawsuit, including filing pleadings, making appearances in court; is that right?" stated "Yes, sir."[96] And in Plaintiff O'Brien's deposition, in response to the question: "So we don't have to have introductions, because I was your attorney, I represented you in your interests against Amberson and Advanced Mineral and Pinson in the case in McMullen County, Texas; is that right?" he stated "Yes."[97]

3.9　Finally, an email from Plaintiff Gillespie sent on behalf of both Plaintiffs, with a copy sent to Plaintiff O'Brien, reflects Plaintiffs' acknowledgment of Defendant Zlotucha's representation of Plaintiffs as early as July 2010. This document specifically requests that Defendant Zlotucha take specific actions on behalf of Plaintiffs.[98]

3.10　Plaintiff O'Brien states in his deposition that he was satisfied with Defendants' work[99] on the underlying lawsuit and that he was satisfied with the result obtained.[100]

---

[95] Gillespie deposition: P 39, lines 16-19; P 40, lines 1-11; P 54, lines 19-24; O'Brien deposition: P 6, lines 1-6; P 11, lines 21-25; P 12, lines 1-2; P 25, lines 10-14; P 37, lines 15-23; P 38, lines 20-25; P 39, lines 1-8; P 40 lines 23-25; P 41, lines 1-13; P 81, lines 20-25; P 82, lines 1-2; Zlotucha Aff., Exhibit "1;" Hernden Affidavit, Exhibit "2.;" Johnson Aff., Exhibit "4;" Piatt Aff., Exhibit "3;" Katzman Aff., Exhibit "5;" and Exhibit "5-1."
[96] Gillespie deposition: P54, lines 19-24.
[97] O'Brien deposition: P 6, lines 1-5.
[98] Exhibit "15."
[99] O'Brien deposition: P 44, lines 23-25; P45, lines 1-4.
[100] O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4."

33

DOCUMENT SCANNED AS FILED

Plaintiff Gillespie also states in his deposition that he was satisfied with Defendant Zlotucha's representation of his interests.[101]

3.11 Defendants' experts state there was no statement regarding the 2009/2011 contracts that was false when made or that Defendants made any false statements with the intent that Plaintiffs rely on such misrepresentations to their detriment.[102]

3.12 Plaintiff Gillespie states in an email sent to Defendant Zlotucha on June 19, 2012: "Thank you for the work and and (sic) effort that you put in on my case. I would NEVER approved you to shredd (sic) these documents, that would be disrespectful to you for ALL the work and effort that was done. This has changed by life, thank you david."[103] Plaintiff Gillespie further states in an email to Defendant Zlotucha, sent on June 20, 2012, that: "I know the mud we crawled through to get to the water, I just felt these documents are sacred." (Referring to the case files in the Advanced Mineral Search, LLC lawsuit).[104]

3.13 Plaintiffs admit that the employment contracts between themselves and Defendant Hernden are in writing and signed as required by Texas Government Code §82.065 and that Defendant Zlotucha represented them with their knowledge and consent in conjunction with Defendant Hernden under his employment contracts. Plaintiffs further admit that they reaped the benefits of Defendant Zlotucha's representation and that they were pleased with Defendants' representation and the results obtained. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' fraud cause of action because there is no genuine issue of material fact on

---

[101] Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12.
[102] Watkins Expert Report, Exhibit "7," page 6.
[103] Gillespie email to Defendant Zlotucha, attached as Exhibit "14."
[104] Gillespie email to Defendant Zlotucha, attached as Exhibit "13."

34

DOCUMENT SCANNED AS FILED

the alleged false material representation and injury to the Plaintiffs and because Plaintiffs fraud claim is an improperly fractured negligence claim.

## 2. NEGLIGENCE

3.14 Defendants incorporate by reference sections 2.5 through 2.8 above as if fully set forth herein.

3.15 In a negligence claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

    (1)    The defendants owed a legal duty to Plaintiffs;

    (2)    The defendants breached the duty;

    (3)    The breach proximately caused the plaintiffs' injury.[105]

3.16 Plaintiffs claim in the Fourth Amended Original Petition that Defendants negligently advised Plaintiffs to settle their claims for sums far below their worth.

3.17 Plaintiff O'Brien states in his deposition that he was satisfied with Defendants' work[106] on the underlying lawsuit and that he was satisfied with the result obtained.[107] Plaintiff Gillespie also states in his deposition that he was satisfied with Defendant Zlotucha's representation of his interests.[108]

3.18 Plaintiff Gillespie states in an email sent to Defendant Zlotucha on June 19, 2012: "Thank you for the work and and (sic) effort that you put in on my case. I would NEVER approved you to shredd (sic) these documents, that would be disrespectful to you for ALL the work and effort that was done. This has changed by life, thank you david."[109]

---

[105] *Nabors Drilling,* 288 S.W.3d at 404.

[106] O'Brien deposition: P 44, lines 23-25; P45, lines 1-4.

[107] O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4."

[108] Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12.

[109] Gillespie email to Defendant Zlotucha, attached as Exhibit "14."

35

DOCUMENT SCANNED AS FILED

Plaintiff Gillepie further states in an email to Defendant Zlotucha, sent on June 20, 2012, that: "I know the mud we crawled through to get to the water, I just felt these documents are sacred." (referring to the case files in the Advanced Mineral Search, LLC lawsuit).[110]

3.19    Malpractice cases require that Plaintiffs have competent expert testimony on the cause of action elements of legal negligence and the standard of care.[111] The requirement of expert testimony is only excused in very limited circumstances in which the negligence is egregious and would be obvious to a lay person.[112] This is not the case here. The only expert designated by Plaintiffs in this case is Jerry Gibson. Mr. Gibson has only given an opinion on Defendants' alleged violations of Texas Disciplinary Rules of Professional Conduct, which do not give rise to civil causes of action. Further, Gibson states in his expert report: "Please note that I am not critical of the role Mr. Hernden played in this case, only the amount charged to the clients."[113] Mr. Gibson also does not state in his report that Defendant Zlotucha committed any errors, other than being involved in the contract. However, Mr. Gibson misconstrues Defendant Zlotucha's involvement as a referral when in fact Zlotucha joined Hernden in the representation of the clients. Based on the expert reports of Piatt, Johnson, Katzman and Watkins, made in response to Mr. Gibson's report, Defendants have not violated the disciplinary rules.[114] Plaintiffs' expert witness has failed to report on the elements of a cause of action for legal

---

[110] Gillespie email to Defendant Zlotucha, attached as Exhibit "13."

[111] *Hall v. Rutherford*, 911 S.W.2d 422 (Tex. App. — San Antonio, Texas 1995, writ denied).

[112] *Geiserman v. MacDonald*, 893 F.2d 787, 794 (5th Cir. 1990); *Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 97 (Tex. App. — San Antonio 2002, pet. Denied).

[113] Gibson Expert Report, Exhibit "11," Page 8.

[114] Watkins Expert Report, Exhibit "7," page 4; Johnson Affidavit, Exhibit "4," page 16-18, Exhibit "4-1," page 5; Piatt Affidavit, Exhibit "3," pages 1, 3-4, Exhibit "3-1," pages 2-3 ; Katzman Affidavit, Exhibit "5-1," page 4.

DOCUMENT SCANNED AS FILED

negligence. As a result, Plaintiffs have failed to provide expert testimony regarding the standard of care as required in legal malpractice cases.[115]

3.20 Plaintiffs admit that they were advised at the beginning of their case the difficulty involved and the likelihood that they would not recover at trial. Plaintiffs further admit that they were pleased with their representation and the results obtained. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiff's negligence cause of action because there is no genuine issue of material fact on the alleged breach proximately causing Plaintiffs' injury or that Plaintiffs even have an injury.

### 3. BREACH OF FIDUCIARY DUTY

3.21 Defendants incorporate by reference sections 2.11 thru 2.13 above as if fully set forth herein.

3.22 In a breach of fiduciary duty claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

    (1)    the plaintiff and the defendant had a fiduciary relationship;

    (2)    the defendant breached its fiduciary duty to the plaintiff;

    (3)    the defendant's breach resulted in injury to the plaintiff or benefit to the defendant.[116]

3.23 Plaintiffs allege in their Fourth Amended Original Petition that Defendants failed to disclose the requirement of a written employment contract. They further allege that Defendants engaged in self-dealing, failed to account to Plaintiffs, failed to give Plaintiffs

---

[115] *See Hall*, 911 S.W.2d at 424.
[116] *Hall*, 307 S.W.3d at 479.

37

DOCUMENT SCANNED AS FILED

undivided loyalty, failed to provide absolute candor, openness and honesty, and failed to be strictly honest regarding fee arrangements.

3.24    Plaintiffs' claim for breach of fiduciary duty should be dismissed as an improperly fractured professional negligence claim.[117] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim.[118]

3.25    Plaintiffs judicially admit that they signed the contracts with Defendant Hernden and that said contracts were in writing as required by Texas Government Code §82.065.[119]  Further, Defendants' experts state that Defendant Zlotucha complied with Texas Government Code §82.065[120] and there are valid and enforceable written contingent fee contracts between Defendant Hernden and Plaintiffs.[121]

3.26    Plaintiffs also admit in their depositions that the contracts were valid, the representation of Plaintiffs by Defendant Zlotucha was at the direct request of both Plaintiffs and both Plaintiffs agreed upon said representation and conducted extensive communications and meetings with Defendant Zlotucha throughout the period of his representation of Plaintiffs in conjunction with Defendant Hernden.[122]

3.27    An email from Plaintiff Gillespie sent on behalf of both Plaintiffs, with a copy sent to Plaintiff O'Brien, reflects Plaintiffs' acknowledgment of Defendant Zlotucha's

---

[117] Watkins Expert Report, Exhibit "7," page 6.
[118] *Gonzales*, 447 S.W.3d at 106; Watkins Expert Report Exhibit "7," page 6.
[119] Gillespie deposition: P 12, lines 2-8; P63 lines 3-9, 15-19; O'Brien deposition: P32, lines 3-8.
[120] Piatt Aff. Exhibit "3" pg 8-9; Johnson Aff. Exhibit "4" pg. 8.
[121] Johnson Aff. Exhibit "4" pg. 10-18.
[122] Gillespie deposition: P 39, lines 16-19; P 40, lines 1-11; P 54, lines 19-24; O'Brien deposition: P 6, lines 1-6; P 11, lines 21-25; P 12, lines 1-2; P 25, lines 10-14; P 37, lines 15-23; P 38, lines 20-25; P 39, lines 1-8;  P 40 lines 23-25; P 41, lines 1-13; P 81, lines 20-25; P 82, lines 1-2; Zlotucha Aff., Exhibit "1;" Hernden Aff., Exhibit "2."

DOCUMENT SCANNED AS FILED

representation of Plaintiffs as early as July 2010 and specifically requests that Defendant Zlotucha take specific actions on behalf of Plaintiffs.[123]

3.28 Plaintiff O'Brien states in his deposition that he was satisfied with Defendants' work[124] on the underlying lawsuit and that he was satisfied with the result obtained.[125] Plaintiff Gillespie also states in his deposition that he was satisfied with Defendant Zlotucha's representation of his interests.[126]

3.29 Plaintiff O'Brien admits in his deposition that he knew that Defendant Hernden was sharing his fee with Defendant Zlotucha and Plaintiffs agreed to this fee sharing.[127] And also that Plaintiffs agreed in the employment agreements on the 50/50 split between themselves and Defendant Hernden.[128]

3.30 Plaintiff Gillespie states in an email sent to Defendant Zlotucha on June 19, 2012: "Thank you for the work and and (sic) effort that you put in on my case. I would NEVER approved you to shredd (sic) these documents, that would be disrespectful to you for ALL the work and effort that was done. This has changed by life, thank you david."[129] Plaintiff Gillepie further states in an email to Defendant Zlotucha, sent on June 20, 2012, that: "I know the mud we crawled through to get to the water, I just felt these documents are sacred." (referring to the case files in the Advanced Mineral Search, LLC lawsuit).[130]

3.31 Plaintiffs admit that they have a written and signed employment contract with Defendant Hernden, as required by Texas Government Code §82.065, and that they

---

[123] Exhibit "15"
[124] O'Brien deposition: P 44, lines 23-25; P45, lines 1-4.
[125] O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4."
[126] Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12.
[127] O'Brien deposition: P38, lines 20-25; P 81, lines 20-25; P 82, lines 1-2.
[128] O'Brien deposition: P 81, lines 20-25.
[129] Gillespie email to Defendant Zlotucha, attached as Exhibit "14."
[130] Gillespie email to Defendant Zlotucha, attached as Exhibit "13."

628

DOCUMENT SCANNED AS FILED

authorized Defendant Zlotucha to represent them in conjunction with Defendant Hernden under those contracts. Plaintiffs further admit that they were aware of the weakness of their case and that they were satisfied with the representation and outcome of the case. Finally, Plaintiffs admit that they agreed to the fee arrangements. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' breach of fiduciary duty cause of action because there is no genuine issue of material fact on the alleged breach of fiduciary duty or the resulting injury to Plaintiffs or benefit to Defendants and because Plaintiffs' breach of fiduciary duty claim is an improperly fractured negligence claim.

## 4.    LEGAL MALPRACTICE

3.32    Defendants incorporate by reference sections 2.16 thru 2.22 above as if fully set forth herein.

3.33    In a legal malpractice claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

(1)    the attorney owed the plaintiff a duty;

(2)    the attorney's negligent act or omission breached that duty;

(3)    the breach proximately caused the plaintiff's injury;

(4)    the plaintiff suffered damages.[131]

3.34    Plaintiffs do not address legal malpractice in their pleadings, except as part of a section heading. They provide no elements, facts supporting the elements or analysis.

3.35     However, Plaintiff O'Brien states in his deposition that he was satisfied with Defendants' work[132] on the underlying lawsuit and that he was satisfied with the result

---

[131] *Akin*, 299 S.W.3d at 112.
[132] O'Brien deposition: P 44, lines 23-25; P45, lines 1-4.

DOCUMENT SCANNED AS FILED

obtained.[133] Plaintiff Gillespie also states in his deposition that he was satisfied with Defendant Zlotucha's representation of his interests.[134] Plaintiff Gillespie also acknowledges that Defendants informed him at the beginning that the case was weak and they would not likely recover at trial.[135]

3.36    Malpractice cases require that Plaintiffs have competent expert testimony on the cause of action elements of legal negligence and the standard of care.[136] The requirement of expert testimony is only excused in very limited circumstances in which the negligence is egregious and would be obvious to a lay person.[137] This is not the case here. The only expert designated by Plaintiffs in this case is Jerry Gibson. Mr. Gibson has only given an opinion on Defendants' alleged violations of Texas Disciplinary Rules of Professional Conduct, which do not give rise to civil causes of action. Further, Gibson states in his expert report: "Please note that I am not critical of the role Mr. Hernden played in this case, only the amount charged to the clients."[138] Mr. Gibson also does not state in his report that Defendant Zlotucha committed any errors, other than being involved in the contract. However, Mr. Gibson misconstrues Defendant Zlotucha's involvement as a referral when in fact Zlotucha joined Hernden in the representation of the clients. Based on the expert reports of Piatt, Johnson, Katzman and Watkins, made in

---

[133] O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4."

[134] Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12.

[135] Gillespie deposition: P 13, line 18-25; P 14, lines 1-10; P 48, lines 4-14; P 48, lines 19-25.

[136] *Hall v. Rutherford*, 911 S.W.2d 422 (Tex. App. — San Antonio, Texas 1995, writ denied).

[137] *Geiserman v. MacDonald*, 893 F.2d 787, 794 (5th Cir. 1990); *Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 97 (Tex. App. — San Antonio 2002, pet. Denied).

[138] Gibson Expert Report, Exhibit "11," Page 8.

41

DOCUMENT SCANNED AS FILED

response to Mr. Gibson's report, Defendants have not violated the disciplinary rules.[139] Plaintiffs' expert witness has failed to report on the elements of a cause of action for legal negligence. As a result, Plaintiffs have failed to provide expert testimony regarding the standard of care as required in legal malpractice cases.[140]

3.37    Plaintiffs admit that they were satisfied with the representation and the results obtained and thus Plaintiffs have no damages. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' legal malpractice cause of action because there is no genuine issue of material fact on damages.

### 5.    VIOLATIONS OF TEXAS PENAL CODE §38.12

3.38    Defendants incorporate by reference sections 2.25 thru 2.27 above as if fully set forth herein.

3.39    Plaintiffs allege in their Fourth Amended Original Petition that Defendants knowingly instituted, settled or represented Plaintiffs in a suit or claim that they were not authorized to pursue and that they knowingly financed the commission of an offense under Texas Penal Code §38.12. However, Texas Penal Code §38.12 does not give rise to civil liability in this case because the employment agreements were signed prior to the September 1, 2011 enactment date of Texas Government Code §82.0651, which authorizes civil suits as a result of violations of Texas Penal Code §38.12.

---

[139] Watkins Expert Report, Exhibit "7," page 4; Johnson Affidavit, Exhibit "4," page 16-18, Exhibit "4-1," page 5; Piatt Affidavit, Exhibit "3," pages 1, 3-4, Exhibit "3-1," pages 2-3 ; Katzman Affidavit, Exhibit "5-1," page 4.
[140] *See Hall*, 911 S.W.2d at 424.

42

DOCUMENT SCANNED AS FILED

3.40 Plaintiffs admit that they hired Defendant Hernden to represent them and that they signed employment contracts with him.[141] Plaintiff Gillespie admits in his deposition that Plaintiffs authorized the suit[142] and authorized Defendant Zlotucha to represent them in the suit.[143] Plaintiff O'Brien admits in his deposition that Defendant Zlotucha represented them in their case[144] and was authorized to do so,[145] Plaintiffs contacted him to discuss the case[146] and came to his office to prepare for hearings and depositions,[147] agreed that Defendant Zlotucha would share Defendant Hernden's fee[148] and at no time did they take exception to Defendant Zlotucha's representation of them.[149]

3.41 Plaintiffs admit that they authorized Defendant Hernden to file suit and that they authorized Defendants' representation of them in the suit. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' violation of Texas Penal Code §38.12 cause of action because there is no genuine issue of material fact on whether Defendants were authorized to represent Plaintiffs in the suit.

### 6. BREACH OF CONTRACT

3.42 Defendants incorporate by reference sections 2.30 thru 2.34 above as if fully set forth herein.

3.43 In a breach of contract claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

---

[141] Gillespie deposition: P12, lines 2-8; P 63, lines 3-9, 15-19; O'Brien deposition: P 32, lines 3-8.
[142] Gillespie deposition: P 39, lines 16-19; P 40, lines 1-11.
[143] Gillespie deposition: P 54, lines 19-24.
[144] O'Brien deposition: P 6, lines 1-6; P 37, lines 15-23; P 40, lines 23-25; P 41, lines 1-13.
[145] O'Brien deposition: P 39, lines 1-8.
[146] O'Brien deposition: P 25, lines 10-14.
[147] O'Brien deposition: P 11, lines 21-25.
[148] O'Brien deposition: P 38, lines 20-25; P 81, lines 20-25; P 82, lines 1-2.
[149] O'Brien deposition: P 12, lines 1-2; Watkins Expert Report, Exhibit "7," page 8.

43

DOCUMENT SCANNED AS FILED

(1) A valid contract existed between the plaintiffs and the defendants;

(2) The plaintiffs tendered performance or were excused from doing so;

(3) The defendants breached the terms of the contract; and

(4) The plaintiffs sustained damages as the result of the defendants' breach.[150]

3.44   Plaintiffs allege in their Fourth Amended Original Petition that the employment contracts are unconscionable and unenforceable or, in the alternative, that Defendants failed to be strictly honest regarding the fee arrangements and engaged in self-dealing.

3.45   Plaintiffs' claim for breach of contract should be dismissed as an improperly fractured professional negligence claim.[151] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim.[152]

3.46   Plaintiffs judicially admit that they signed the contracts with Defendant Hernden and that said contracts were in writing as required by Texas Government Code §82.065.[153]  Further, Defendants' experts state that Defendant Zlotucha complied with Texas Government Code §82.065[154] and there are valid and enforceable written contingent fee contracts between Defendant Hernden and Plaintiffs.[155]

3.47   Plaintiffs also admit in their depositions that the contracts were valid, the representation of Plaintiffs by Defendant Zlotucha was at the direct request of both Plaintiffs and both Plaintiffs agreed upon said representation and conducted extensive

---

[150] *West,* 264 S.W.3d at 446.
[151] Watkins Expert Report, Exhibit "7," page 6.
[152] *Gonzales,* 447 S.W.3d at 106; Watkins Expert Report, Exhibit "7," page 6.
[153] Gillespie deposition: P 12, lines 2-8; P63 lines 3-9, 15-19; O'Brien deposition: P32, lines 3-8.
[154] Piatt Aff. Exhibit "3" pg 8-9; Johnson Aff. Exhibit "4" pg. 8.
[155] Johnson Aff. Exhibit "4" pg. 10-18.

44

DOCUMENT SCANNED AS FILED

communications and meetings with Defendant Zlotucha throughout the period of his representation of Plaintiffs in conjunction with Defendant Hernden.[156] Plaintiff O'Brien admits in his deposition that he knew that Defendant Hernden was sharing his fee with Defendant Zlotucha and Plaintiffs agreed to this fee sharing.[157] And also that Plaintiffs agreed in the employment agreements on the 50/50 split between themselves and Defendant Hernden.[158]

3.48    Plaintiff O'Brien states in his deposition that he was satisfied with Defendants' work[159] on the underlying lawsuit and that he was satisfied with the result obtained.[160] Plaintiff Gillespie also states in his deposition that he was satisfied with Defendant Zlotucha's representation of his interests.[161] Plaintiff Gillespie also acknowledges that Defendants informed him at the beginning that the case was weak and they would not likely recover at trial.[162]

3.49    Plaintiff Gillespie states in an email sent to Defendant Zlotucha on June 19, 2012: "Thank you for the work and and (sic) effort that you put in on my case. I would NEVER approved you to shredd (sic) these documents, that would be disrespectful to you for ALL the work and effort that was done. This has changed by life, thank you david."[163] Plaintiff Gillepie further states in an email to Defendant Zlotucha, sent on June 20, 2012,

---

[156] Gillespie deposition: P 39, lines 16-19; P 40, lines 1-11; P 54, lines 19-24; O'Brien deposition: P 6, lines 1-6; P 11, lines 21-25; P 12, lines 1-2; P 25, lines 10-14; P 37, lines 15-23; P 38, lines 20-25; P 39, lines 1-8; P 40 lines 23-25; P 41, lines 1-13; P 81, lines 20-25; P 82, lines 1-2.
[157] O'Brien deposition: P38, lines 20-25; P 81, lines 20-25; P 82, lines 1-2.
[158] O'Brien deposition: P 81, lines 20-25.
[159] O'Brien deposition: P 44, lines 23-25; P45, lines 1-4.
[160] O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4."
[161] Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12.
[162] Gillespie deposition: P 13, line 18-25; P 14, lines 1-10; P 48, lines 4-14; P 48, lines 19-25.
[163] Gillespie email to Defendant Zlotucha, attached as Exhibit "14."

45

DOCUMENT SCANNED AS FILED

that: "I know the mud we crawled through to get to the water, I just felt these documents are sacred." (referring to the case files in the Advanced Mineral Search, LLC lawsuit).[164]

3.50 Plaintiffs admit that the contracts between themselves and Defendant Hernden were in writing and signed as required by Texas Government Code 82.065 and that they authorized Defendant Zlotucha to represent them in conjunction with Defendant Hernden. Plaintiffs further admit that they knew about and agreed to the 50/50 fee split between themselves and Defendant Hernden, as well as the fee splitting between Defendants. Finally, Plaintiffs admit that they knew they would likely not recover if they went to trial and they were pleased with the representation and results obtained by Defendants in the suit. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' breach of contract cause of action because there is no genuine issue of material fact on the enforceability of the employment contracts, the knowledge of the fee arrangements and the lack of damages and because Plaintiffs claim for breach of contract is an improperly fractured negligence claim.

## 7. VIOLATIONS OF DTPA

3.51 Defendants incorporate by reference sections 2.37 thru 2.43 above as if fully set forth herein.

3.52 In a DTPA claim, the essential elements for which Plaintiffs have the burden of proof at trial are:

    (1)    the plaintiff is a consumer;

    (2)    the defendant can be sued under the DTPA;

    (3)    the defendant committed one or more of the following wrongful acts:

---

[164] Gillespie email to Defendant Zlotucha, attached as Exhibit "13."

46

DOCUMENT SCANNED AS FILED

(a)     a false, misleading, or deceptive act or practice that is specifically enumerated in the laundry list found in Texas Business and Commerce code §17.46(b) and that was relied on by the plaintiff to the plaintiff's detriment;

(b)     a breach of an express or implied warranty;

(c)     any unconscionable action or course of action;

(d)     the use or employment of an act or practice in violation of Texas Insurance Code chapter 541, or

(e)     a violation of one of the tie-in consumer statutes, as authorized by Texas Business & Commerce Code §17.50(h), which are classified as false, misleading, or deceptive acts or practices;

(4)     the defendant's action was a producing cause of the plaintiff's damages.[165]

3.53    Plaintiffs allege in their Fourth Amended Original Petition that Defendants engaged in an unconscionable action towards Plaintiffs, represented that services were of a particular standard, quality or grade that they were not, and represented that an agreement conferred or involved rights, remedies or obligations which it did not or which were prohibited under law.

3.54    Plaintiffs' claim for violations of the DTPA should be dismissed as an improperly fractured professional negligence claim.[166] "If the gist of the complaint is that the attorney did not exercise the degree of care, skill or diligence that other attorneys of ordinary skill and knowledge commonly possess and exercise, then the complaint should be pursued as a negligence claim rather than as some other claim.[167]

---

[165] Tex. Bus. & Com. Code §17.41-17.63.
[166] Watkins Expert Report, Exhibit "7," page 6.
[167] *Gonzales*, 447 S.W.3d at 106; Watkins Expert Report, Exhibit "7," page 6.

47

DOCUMENT SCANNED AS FILED

3.55 Plaintiff O'Brien states in his deposition that he was satisfied with Defendants' work[168] on the underlying lawsuit and that he was satisfied with the result obtained.[169] Plaintiff Gillespie also states in his deposition that he was satisfied with Defendant Zlotucha's representation of his interests.[170] Plaintiff Gillespie also acknowledges that Defendants informed him at the beginning that the case was weak and they would not likely recover at trial.[171]

3.56 Plaintiffs admit that they were pleased with Defendants representation of their interests and that they were pleased with the outcome of the case. As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' violation of DTPA cause of action because there is no genuine issue of material fact on damages or the producing cause of any alleged damages and because Plaintiffs' claim for violations of the DTPA is an improperly fractured professional negligence claim.

## 8. DECLARATORY JUDGMENT

3.57 Defendants incorporate by reference sections 2.46 thru 2.47 above as if fully set forth herein.

3.58 Plaintiffs seek in their Fourth Amended Original Petition a declaratory judgment that the settlement contract dated November 7, 2011 is void because it violates Texas Government Code §82.065 and §82.0651, that Defendants are not entitled to proceeds from the settlement and that Plaintiffs should be awarded their reasonable and necessary attorneys' fees.

---

[168] O'Brien deposition: P 44, lines 23-25; P45, lines 1-4.
[169] O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4."
[170] Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12.
[171] Gillespie deposition: P 13, line 18-25; P 14, lines 1-10; P 48, lines 4-14; P 48, lines 19-25.

48

637

DOCUMENT SCANNED AS FILED

3.59 Texas Government Code §82.065 and §82.0651 deals with contingent fee contracts for legal services. The "settlement contract" (Disbursement and Settlement Statement) referred to by Plaintiffs is not a contingent fee contract for legal services, but an outline of the settlement amounts and the distribution of same to the Plaintiffs as their recovery and the Defendants as attorneys' fees. Plaintiffs signed the contingent fee contracts in this case in September of 2009. Thus, Texas Government Code §82.065 and §82.0651 are not applicable to the "settlement contract."

3.60 Plaintiff Gillespie admits that he was given a copy of the "settlement contract" to review prior to signing,[172] he was advised that it was a full and final settlement[173] and that he agreed to the settlement[174] and signed the "settlement contract."[175]

3.61 Plaintiffs admit that they were satisfied with Defendants' representation of their interests and the result obtained in the suit and that they reviewed the "settlement contract," agreed to the distribution of settlement proceeds and signed it.

3.62 As a result of Plaintiffs' admissions, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' declaratory judgment cause of action because there is no genuine issue of material fact on the applicability of Texas Government Code §82.065 and §82.0651 and Plaintiffs reviewed, agreed to and signed the written "settlement contract."

### 9. QUASI-ESTOPPEL

3.63 Defendants incorporate by reference sections 2.46 thru 2.47 above as if fully set forth herein.

---

[172] Gillespie deposition: P 32, lines 15-21.
[173] Gillespie deposition: P 13, lines 5-9.
[174] Gillespie deposition: P 53, lines 6-10.
[175] Gillespie deposition: P 25, lines 5-8; P 55, lines 18-22.

DOCUMENT SCANNED AS FILED

3.64   Quasi-estoppel is a defense that precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken.[176] Quasi-estoppel applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit.[177]

3.65   In a quasi-estoppel defense, the essential elements for which Defendants have the burden of proof at trial are:

(1)   The plaintiffs acquiesced to or accepted a benefit under a transaction.

(2)   The plaintiffs' present position is inconsistent with their earlier position when it acquiesced to or accepted the benefit of the transaction.

(3)   It would be unconscionable to allow the plaintiffs to maintain their present position, which is to another's disadvantage.[178]

3.66   The Plaintiffs in the instant case accepted the benefits of Defendants' representation of their interests in the McMullen County suit, including the settlement of their claims for cash and an overriding royalty interest.[179] Defendant Zlotucha explained the Disbursement and Settlement Statement to Plaintiffs and Plaintiffs agreed that the disbursement was proper and did not dispute the services provided.[180]

3.67   Plaintiffs accepted the benefits of Defendants' representation during the McMullen County suit but are now claiming that Defendants' are not entitled to the

---

[176] *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000).
[177] *Id.*
[178] *Lopez*, 22 S.W.3d at 864.
[179] Disbursement and Settlement Statement, attached as Exhibit "9;" O'Brien deposition: P 13, lines 11-15; P 69, lines 13-20; P. 69, lines 21-24; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4;" Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12; P 63, lines 10-19; Watkins Aff., Exhibit "7," pages 4 and 6.
[180] O'Brien deposition: P 25, lines 24-24; Page 26, lines 1-9; P 32, lines 19-25; P 33, lines 1-2; P 53, lines 3-7.

50

DOCUMENT SCANNED AS FILED

contracted for attorney fees. This position is inconsistent[181] with their previous position that they were happy with their representation and the settlement and that they did not dispute the services provided.[182]

3.68    It would be unconscionable for Plaintiffs to maintain their present position that Defendants' should forfeit their fees, when Plaintiffs received the benefits of the representation and Defendants expended as many as 1,000 hours on the case and turned away other cases.[183] This would amount in a windfall to the Plaintiffs.

3.69    Plaintiffs admit that they were pleased with Defendants representation of their interests and that they were pleased with the outcome of the case. Plaintiffs further admit that Defendant Zlotucha explained the Disbursement and Settlement Statement to them and that they agreed to it and did not dispute the services provided by Defendants. Because it would be unconscionable to allow Plaintiffs to maintain their current inconsistent position, Defendants are entitled to summary judgment on their defense of quasi-estoppel.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court set this matter for hearing and that on final hearing hereof, this Combined Motion for No-Evidence Summary Judgment and Motion for Traditional Summary Judgment against Plaintiffs be granted in its entirety and for such other and further relief, in law and/or in equity to which Defendants may be justly entitled.

---

[181] *See Enochs v. Brown*, 872 S.W.2d 312, 317 (Tex. App. — Austin 1994, no writ)(minor's benefit from attorney's representation was inconsistent with later claim that attorney was not entitled to fee), *disapproved on other grounds, Roberts v. Williamson*, 111 S.W.3d 113 (Tex. 2003).

[182] O'Brien deposition: P 13, lines 11-13, P 25, lines 24-24; Page 26, lines 1-9; P 32, lines 19-25; P 33, lines 1-2; P 53, lines 3-7; ; P 69, lines 13-20; P. 69, lines 21-24; Gillespie deposition excerpts contained in Katzman Aff., Exhibit "5;" Piatt Aff., Exhibit "3;" Johnson Aff., Exhibit "4;" Gillespie deposition: P 10, lines 23-24; P 19, lines 8-13; P 29, lines 10-12; P 63, lines 10-19.

[183] Zlotucha deposition: P56, line 24.

51

DOCUMENT SCANNED AS FILED

Respectfully submitted,

LAW OFFICE OF FREDERICK R. ZLOTUCHA

BY: _____
FREDERICK R. ZLOTUCHA
State Bar No. 2228150
222 Main Plaza East
San Antonio, Texas 78205
Phone: (210) 227-9877
Fax: (210) 227-8316
e-mail: attyrickzlotucha@aol.com
PRO SE

SPARR & GEERDES

BY: _____
RICHARD A. SPARR, JR.
State Bar No. 18887300
1045 Cheever, Ste 103
San Antonio, Texas 78217
Phone: (210) 828-6500
Fax: (210) 828-5444
e-mail: rsparr@sparrlaw.net
ATTORNEY FOR DEFENDANT, A.L.
HERNDEN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Combined No Evidence and Traditional Motions for Summary Judgment has been sent to the following attorney of record by certified mail return receipt requested, and/or hand delivered, and/or via facsimile, and/or by e-mail, and or by e-service on this 10th day of February, 2015.

Attorney Andrew Eugene Toscano
GENE TOSCANO, INC.
846 Culebra, Ste. 104
San Antonio, Texas 78201
Facsimile: (210) 735-4167

_____
FREDERICK R. ZLOTUCHA

52

DOCUMENT SCANNED AS FILED

## FIAT

A hearing is requested on Defendants' Combined No Evidence and Traditional Motion for Summary Judgment filed herein. This Motion is hereby set for hearing at 8:30 o'clock a.m. on the 4th day of March, 2015 in the Presiding District Court, Bexar County, Texas.

SIGNED AND ORDERED this 10th day of February, 2015.

Renée Yanta
Presiding Judge
150th District Court
Bexar County, Texas

_____
JUDGE PRESIDING

53


## CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| v. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## <u>ORDER GRANTING DEFENDANTS' COMBINED NO-EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT AND FINAL JUDGMENT</u>

On the 4th day of March, 2015, the Court heard DEFENDANTS' COMBINED NO EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT (hereafter referred to as "Defendants' Motions") filed in this cause by A. L. HERNDEN and FREDERICK R. ZLOTUCHA. The parties appeared, and the Court, after considering the pleadings, "Defendants' Motions", Plaintiffs' Response To Defendants' Motions For Traditional And No Evidence Summary Judgment, and the Court at the request of Plaintiffs reconsidered Plaintiffs' Traditional Motion for Partial Summary Judgment previously denied on August 6, 2014, the competent summary judgment evidence, and the arguments of counsel, the Court is of the opinion and finds that "Defendants' Motions" should be and the same are hereby in all things **GRANTED**, and that summary judgment should be entered that the Plaintiffs take nothing in this lawsuit against the Defendants, A. L. HERNDEN and FREDERICK R. ZLOTUCHA. And, the Court again finds and it is Ordered that Plaintiffs' Traditional Motion for Partial Summary Judgment is DENIED.

1

1022

IT IS THEREFORE, **ORDERED, ADJUDGED** and **DECREED** that DEFENDANTS' COMBINED NO EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT are **GRANTED**, and that the Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN shall take nothing in this lawsuit against Defendants A.L. HERNDEN and FREDERICK R. ZLOTUCHA.

IT IS FURTHER **ORDERED, ADJUDGED** and **DECREED** that summary judgment is rendered and entered in favor of Defendants, A. L. HERNDEN and FREDERICK R. ZLOTUCHA, and that the Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN take nothing against Defendants, A. L. HERNDEN and FREDERICK R. ZLOTUCHA, and that the Plaintiffs' claims against Defendants A.L. HERNDEN and FREDERICK R. ZLOTUCHA are denied and dismissed with prejudice to the refiling of same, and that all costs of court shall be and are hereby Ordered taxed against Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN, for which let execution issue if not timely paid.

IT IS FURTHER **ORDERED, ADJUDGED** and **DECREED** that all other relief requested in this case and not expressly granted is denied. This Judgment in favor of Defendants disposes of all of the Plaintiffs' claims against said Defendants and is final and appealable as to all claims of the Plaintiffs against Defendants A.L. HERNDEN and

2

DOCUMENT SCANNED AS FILED

1023

FREDERICK R. ZLOTUCHA.

SIGNED this 2nd day of April , 2015.

_____
JUDGE CATHLEEN STRYKER
224TH JUDICIAL DISTRICT COURT

APPROVED AS TO FORM:

_____
ANDREW EUGENE TOSCANO
State Bar No. 00786832
846 Culebra, Suite 104
San Antonio, Texas 78201
210-732-6091 - Telephone
210-735-4167 - Telecopier
ATTORNEY FOR PLAINTIFFS
DAVID GILLESPIE and MICHAEL O'BRIEN

APPROVED:

SPARR & GEERDES, INC.
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
(210) 828 5300 Telephone
(210) 828 5444 Telecopier
e-mail: rsparr@sparrlaw.net

_____
RICHARD A. SPARR, JR.
State Bar No. 18887300
ATTORNEY FOR DEFENDANT, A. L. HERNDEN

LAW OFFICE OF FREDERICK R. ZLOTUCHA

_____
FREDERICK R. ZLOTUCHA

3

DOCUMENT SCANNED AS FILED

1024

State Bar No. 22281500
222 Main Plaza East
San Antonio, Texas 78205
210-227-9877 - Telephone
210-227-8316 - Telecopier
e-mail: attyrickzlotucha@aol.com
PRO SE

4

1025

DOCUMENT SCANNED AS FILED

FILED
5/1/2015 12:53:55 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Jode Sanchez

CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| | § | |
| v. | § | 408th JUDICIAL DISTRICT |
| | § | |
| | § | |
| A. L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

**MOTION TO RECONSIDER SUMMARY JUDGMENT
AND IN THE ALTERNATIVE
MOTION FOR NEW TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

DAVID GILLESPIE and MICHAEL O'BRIEN, Plaintiffs, file this motion to reconsider summary judgment, and in the alternative motion for new trial, pursuant to TEX. R. CIV. P. 320 in support thereof show as follows:

**I. BACKGROUND FACTS OF THIS PROCEEDING**

This is a breach of fiduciary duty, DTPA and declaratory judgment action, brought to review the conduct of surrounding the applicability, legality and violations of fiduciary duty between lawyers and clients in the context of an oil and gas contingency fee contract. A full and final judgment was rendered against the Plaintiffs on April 2, 2015. The trial court granted summary judgment against Plaintiffs, dismissing the entirety of their case and denying their Motion for Rehearing of their Motion for Summary Judgment denied by the court.

1

1026

## II. PROCEDURAL TIMELINE

The Order sought to be appealed from was finalized on April 2, 2015, and thirty days (30) have not expired from its entry. Plaintiffs once again seek redress in regards to the relationship with their former attorneys who acted outside of the bounds of professional conduct and in contravention of their client's interest. *Old Republic Ins. Co. v. Scott,* 846 S.W.2d 832, 833 (Tex. 1993). This motion is in accord with the Rule 320 of the TEXAS RULES OF CIVIL PROCEDURE.

## III. AS A MATTER OF LAW A.L.HERNDEN BREACHED FIDUCIARY DUTIES OWED TO PLAINTIFFS

David Gillespie and Michael O'Brien hired A.L.Hernden to be their attorney in a "dispute regarding an alleged partnership involving Joe H. Amberson and the leasing of certain oil and gas interests in McMullen County Texas." Mr. Hernden had a fiduciary relationship with both David Gillespie and Michael O'Brien during the entirety of his representation of them.

The Supreme Court of Texas has explained the consequences of this fiduciary relationship which exist between any lawyer, including Mr. Hernden, and his clients, as follows: "In Texas, we hold attorneys to the highest standards of ethical conduct in their dealings with their clients. The duty is highest when the attorney contracts with his or her client or otherwise takes a position adverse to his or her clients' interest. As Justice Cardozo observed, '[a fiduciary] is held to something stricter than the morals of the marketplace. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.'

2

1027

Accordingly, a lawyer must conduct his or her business with inveterate honesty and loyalty, always keeping the clients' best interest in mind." *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 560 (Tex. 2006), citing, *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 868 (Tex. 2000). Similarly, in *Anglo-Dutch Petroleum International, Inc. v. Greenberg Peden, P.C.*, 952 S.W.3d 445, 450 (Tex. 2011), the Supreme Court of Texas held that "Because a lawyer's fiduciary duty to a client covers contract negotiations between them, such contracts are closely scrutinized. Part of the lawyer's duty is to inform the client of all material facts. And so that this responsibility is not a mere and meaningless formality, the lawyer must be clear."

Among the things which a lawyer may do or fail to do, which constitute breaches of his fiduciary duties to his clients are failing to disclose a conflict of interest, improperly benefiting from representation of a client, and engaging in self-dealing. Cases recognizing these breaches of fiduciary duty include *Brown v. Green*, 2009 W.L. 4573451 at *4 (Tex. App. – Houston [14th Dist.] 2009, no pet.), and *Walker v. Morgan*, 2009 W.L. 3763779 at *2–*3 (Tex. App. – Beaumont 2009, no pet.). Mr. Hernden breached his fiduciary duties to both David Gillespie and Michael O'Brien.

Purportedly in consideration of Mr. Hernden's representation of David Gillespie and Michael O'Brien, the written contract:

> *sells, transfers and assigns* to the said attorney a FIFTY PER CENT (sic)(50%) interest, in and to this matter, claim, and any property obtained through such demand, and/or case, and any compromise,

3

settlements, judgment, or recovery of any sort whatsoever and howsoever acquired relating thereto, that Client may recover or be entitled to by reason of said matter, claim, demand, and/or case.

(italics added). As a matter of law, this contract is unreasonable, unconscionable, and constitutes a breach of Mr. Hernden's fiduciary duty of full disclosure and his duty of loyalty to his clients. Clients such as David Gillespie and Michael O'Brien are very unlikely to know that an attorney is "prohibited from acquiring a proprietary interest in the cause of action or subject matter of the litigation the lawyer is conducting for a client." TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(h).  Additionally, Mr. Gillespie and Mr. O'Brien are very unlikely to know that a lawyer "shall not enter into a business transaction with the client unless:

> (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed in a manner which can be reasonably understood by the client;

> (2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

> (3) the client consents in writing thereto."

TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(a).

Mr. Gillespie's and Mr. O'Brien's contracts with Mr. Hernden are not contingent fee contracts permitted by TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04. The contracts purport to "sell[], transfer and assign" to Mr. Hernden a fifty percent interest for services rendered and to be rendered. However there is no information on what representation had been

4

rendered or was to be rendered. But more importantly, there is no information as to what constitutes a fifty percent interest in a "dispute regarding an alleged partnership involving Joe H. Amberson and the leasing of certain oil and gas interests in McMullen County Texas." Based upon the contract alone, there is no way to understand the work to be done, define the method by which the ownership interest is to be determined, or even to establish what are the expenses to be deducted from the recovery.

Even if this were a valid contingent fee contract, the client cannot make a meaningful, well considered, or intelligent decision regarding whether the fee agreement is appropriate. In his February 24, 2014 deposition, when asked about the value of the fee being charged Mr. Hernden testifies, "[i]n my opinion what it was worth? The day we got it, it was probably worth, at the most, $3,000 a mineral acre. That makes it $120,000."[1]  February 24, 2014 Deposition of A.L.Hernden, 10:25-11:2. However, when asked about the value of the fee contract at the conclusion of the representation Mr. Hernden testifies very differently:

> A.     Well, I don't really know what it's worth today because, number one, the production seems to have gone way down.  I mean, you've got to know, Eagle Ford wells generally – and this is just a general rule, because it's not a set rule.  They produce 82 percent of their oil in the first year.  So, the first year of a lease, you get a bunch of money.  Then it goes down in the last 30 years.  But at the last, it will be doing two or three barrels a day.  So, right now, the last check we got was $5,000, so I don't know.  Maybe it's going down, nosediving.  I have no idea.  But that's a general rule, is 82 percent of the oil from an Eagle Ford well comes the first year.

[1]  This is also to say that on the day the contracts were signed, that Mr. Hernden had agreed to act as Mr. Gillespie's and Mr. O'Brien's attorney and provide representation in exchange for a fifty percent interest in a claim worth no more than $120,000.   February 24, 2014 Deposition of A.L.Hernden, 11:10-12.

Q.     So you don't know?

A.     I really don't know.  If I had to put a pencil to it, I would – I would say that it's not worth nearly what you think it is, because – because of it being Eagle Ford, okay?  But I – I could probably figure out – I could take you to some experts and let them decide what it's worth.

February 24, 2014 Deposition of A.L.Hernden, 11:14-12:8.

If at the present time Mr. Hernden cannot calculate the value of his interest, there is no possible way that he could be said to have complied with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08. By failing to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08, Mr. Hernden breached the fiduciary duty which he owed to Mr. Gillespie and Mr. O'Brien. As such, his contract with Mr. Gillespie and Mr. O'Brien is voidable. TEX. GOV'T CODE § 82.065.

Moreover, through his testimony, Mr. Hernden admits that he spent no more than 100 hours on this matter. February 24, 2014 Deposition of A.L.Hernden, 25:20. Yet for this 100 hours worked, he has made $225,000 and counting. February 24, 2014 Deposition of A.L.Hernden, 34:14-24.  In testimony, Mr. Hernden describes his contract like this: "Yeah, I got a Lotto ticket. I won a Lotto ticket for 100 hours worked, okay?" February 24, 2014 Deposition of A.L.Hernden, 33:20-21. There is no possible way that Mr. Hernden could be said to have complied with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04.  By failing to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL

6

1031

CONDUCT 1.04, Mr. Hernden breached the fiduciary duty which he owed to Mr. Gillespie and Mr. O'Brien. Again, this makes his contract with Mr. Gillespie and Mr. O'Brien voidable. TEX. GOV'T CODE § 82.065.[2]

Mr. Hernden's breaches of fiduciary duty were clearly prejudicial and a cause of damage to Mr. Gillespie and Mr. O'Brien. Far more than the amount he originally contemplated, fifty percent of a claim worth no more than $120,000, Mr. Hernden claimed an ownership interest of half the partnership attributable to Mr. Gillespie and Mr. O'Brien. The breach of that fiduciary duty resulted in an improper benefit for Mr. Hernden because he received not a fee, but an ownership interest.

The Supreme Court of Texas has repeatedly condemned lawyers who attempt to charge a contingent fee which exceeds the amount of money recovered by their clients. The cases on this are *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 95 (Tex. 2001), and *Hoover Slovacek, L.L.P. v. Walton*, 206 S.W.3d 557, 563 (Tex. 2006). Charging a contingent fee which exceeds the client's recovery is an unconscionable fee and Mr. Hernden's contracts with Mr. Gillespie and Mr. O'Brien does so as a matter of law. Mr. Hernden's contracts claim a fifty percent interest, but charge all of the undefined costs and expenses of litigation to the clients. It is a fifty fifty split, but the client bears all the costs and expenses. As

_____

[2] Although the Disciplinary Rules do not define standards of civil liability for attorneys, the Texas Supreme Court states that they are persuasive authority outside the context of disciplinary proceedings, and are applied rules of decision in disputes concerning attorney's fees. *Hoover Slovacek, L.L.P. v. Walton*, 206 S.W.3d 557, 562 (Tex. 2006); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 205 (Tex. 2002); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

1032

a matter of simple mathematics, Mr. Hernden's contracts with Mr. Gillespie and Mr. O'Brien attempt to charge a contingent fee which exceeds the amount of money recovered by Mr. Gillespie and Mr. O'Brien. This is a violation of Mr. Hernden's fiduciary duty of loyalty and constituted self-dealing and an improper benefit to Mr. Hernden from his representation of Mr. Gillespie and Mr. O'Brien.

## IV. AS A MATTER OF LAW MR. ZLOTUCHA HAD NO RIGHT TO REPRESENT PLAINTIFFS

At some point in September 2010, Fredrick R Zlotucha undertook representation of Mr. Gillespie and Mr. O'Brien. Mr. Zlotucha has testified that he did not have a written agreement with either Mr. Gillespie or Mr. O'Brien. February 24, 2014 Deposition of F.R.Zlotucha, 12:21-25. Eventually, Mr. Zlotucha claimed to be entitled to one half of the fifty percent claimed by Mr. Hernden.

TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08 could not be more clear regarding the requirement of the written consent of the client prior to undertaking representation on a contingent fee like that argued in this case. Specifically, TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(d) requires all contingent fee contracts to be in writing. Additionally, TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(f) requires written consent of the client for all fee divisions between attorneys. By failing to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08, Both Mr. Hernden

8

and Mr. Zlotucha breached the fiduciary duty which they owed to Mr. Gillespie and Mr. O'Brien.

Mr. Zlotucha tends to want to argue that the signatures of Mr. Gillespie and Mr. O'Brien on the "disbursement agreement," "payout," or "settlement sheet" constitute a consent to his representation. This is untrue. TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(f)(2) requires such consent to be prior to the association or referral. By Mr. Zlotucha's own testimony, this was not the case here. Deposition of F.R.Zlotucha, 12:21-25. Moreover, by relying on the facially unreasonable and unconscionable contract between Mr. Hernden, and Mr. Gillespie and Mr. O'Brien, Mr. Zlotucha engaged in self dealing, and violated his fiduciary duty of full disclosure and his duty of loyalty to his clients. *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 95 (Tex. 2001); *Hoover Slovacek, L.L.P. v. Walton*, 206 S.W.3d 557, 563 (Tex. 2006).

Under Texas law, a contingent fee contract for legal services must be in writing and signed by both the attorney and client. TEX. GOV'T CODE § 82.065. Without a written document Mr. Zlotucha cannot claim any entitlement to the property of Mr. Gillespie and Mr. O'Brien. For Mr. Hernden and Mr. Zlotucha to claim that property is a breach of fiduciary duty.

## V. QUESTIONS OF FACT PRECLUDE DEFENDANTS' SUMMARY JUDGMENT

The Texas Supreme Court has stated:

> whether a contract, including a fee agreement between attorney and client, is contrary to public policy and unconscionable at the time it

9

1034

is formed is a question of law. *See, e.g.*, TEX. BUS. & COM. CODE § 2.302 (courts may refuse to enforce contracts determined to be unconscionable as a matter of law); *SkiRiver Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.--Waco 2005, pet. denied) ("The ultimate question of unconscionability of a contract is one of law, to be decided by the court."); *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 821 (Tex. App.--San Antonio 1996, no writ) (distinguishing procedural and substantive aspects of unconscionability).

*Hoover* , 206 S.W.3d at 562.

However, in this case, there are fundamental questions as to the value of the services rendered, the value of the fee purportedly agreed to, and the circumstances surrounding its formation. By not considering these fundamental factual questions, a court is powerless in examining the ultimate legal question.

The term "unconscionability" describes a contract that is unfair because of its overall one-sidedness or the gross one-sidedness of one of its terms. *Currey v. Lone Star Steel, Co.*, 676 S.W.2d 205, 213 (Tex. App.--Fort Worth 1984, no writ); *see also* TEX. BUS. & COM. CODE ANN. § 17.45(5) (Vernon Supp. 1996) (describing unconscionable actions under the Texas Deceptive Trade Practices-- Consumer Protection Act); TEX. BUS. & COM. CODE ANN. § 2.302 (Vernon 1994) (discussing unconscionable contracts under the Uniform Commercial Code). "Unconscionability" has no precise legal definition because it is not a concept but a determination to be made in light of a variety of facts. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 498 (Tex. 1991)(Gonzalez, J., concurring) (citing 1 J. WHITE & R. SUMMERS, UNIFORM COMMERCIAL CODE § 4-3 at 203 (3d ed. 1988)); *see also* RESTATEMENT (SECOND) OF

10

CONTRACTS § 208, comment a(1979) (including "weaknesses in the contracting process" and related public policy concerns).

Although no single formula exists, proof of unconscionability begins with broad factual questions: (1) How did the parties arrive at the terms in controversy; and (2) Are there legitimate commercial reasons justifying the inclusion of the terms? *DeLanney*, 809 S.W.2d at 498-99(Gonzalez, J., concurring). The first question, often described as the procedural aspect of unconscionability, is concerned with assent and focuses on the facts surrounding the bargaining process. *Id.* at 499; *Tri-Continental Leasing Corp.*, 710 S.W.2d at 609. The second question, often described as the substantive aspect of unconscionability, is concerned with the fairness of the resulting agreement. *DeLanney*, 809 S.W.2d at 499 (Gonzalez, J., concurring); *Wade v. Austin*, 524 S.W.2d 79, 86 (Tex. Civ. App.--Texarkana 1975, no writ).

Unconscionability involves both questions of law and fact. *Pony Express Courier*, 921 S.W.2d at 820. In short, unconscionability must be determined on a case-by-case basis. *Pearce v. Pearce*, 824 S.W.2d 195, 199 (Tex. App.--El Paso 1991, writ denied). As the Texas Supreme Court concludes "**whether a particular fee amount or contingency percentage charged by the attorney is unconscionable under all relevant circumstances of the representation is an issue for the factfinder**. *Hoover* , 206 S.W.3d at 561-62, citing *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 233 (Tex. App.-- Houston [14th Dist.] 2000, no pet.) (concluding that the evidence was sufficient to

11

support a finding that a contingent fee equaling more than half of the client's recovery was unconscionable).

Lawyers have a duty, at the outset of the representation, to "inform a client of the basis or rate of the fee" and "the contract's implications for the client." *Levine*, 40 S.W.3d at 96 (citing RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS §§ 38(1), 18). "To impose the obligation of clarifying attorney client contracts upon the attorney 'is entirely reasonable, both because of [the attorney's] greater knowledge and experience with respect to fee arrangements and because of the trust [the] client has placed in [the attorney].'" *Levine*, 40 S.W.3d at 95 (quoting *Cardenas v. Ramsey County*, 322 N.W.2d 191, 194 (Minn. 1982)) (alterations in original). For these reasons, the "failure of the lawyer to give at the outset a clear and accurate explanation of how a fee was to be calculated" weighs in favor of a conclusion that the fee is unconscionable. TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.04 cmt. 8.

On its face, Mr. Hernden's contract is unconscionable and violates the fiduciary duties owed to Mr. Gillespie and Mr. O'Brien by:

> 1) acquiring a proprietary interest in the cause of action or subject matter of the litigation;

> 2) entering into a business transaction with the clients without any way to comply with TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08(a);

> 3) being impermissibly vague regarding the work to be done, the method by which the ownership interest is to be determined, or what are the expenses to be deducted from a recovery;

12

4)      charging an unreasonable fee; and,

5)      mathematically seeking a greater recovery than that awarded to the client.

Likewise, the fee taken by Mr. Zlotucha cannot be supported because he breached his fiduciary duties by:

1)      attempting to collect a contingent fee where there is no written consent of the client which comports to the requirements of TEXAS DISCIPLINARY RULE OF PROFESSIONAL CONDUCT 1.08;

2)      seeking a fee that is unreasonable; and

3)      self dealing in claiming an interest acquired as a result of a facially unconscionable contract.

Each of these are factual issues making summary judgment in favor of Mr. Hernden and Mr. Zlotucha improper.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant this motion to reconsider summary judgment, and in the alternative motion for new trial, and such other and further relief, both general or special, to which they shows theirselves justly entitled.

Respectfully submitted,
**GENE TOSCANO, INC.**
846 Culebra, Ste. 104
San Antonio, TX 78201
TEL:  (210) 732-6091
FAX:  (210) 735-4167

**By** /s/ Andrew E. Toscano
**ANDREW E. TOSCANO**
State Bar No. 00786832
**ATTORNEYS FOR PLAINTIFFS**

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been mailed to the all defense attorneys of record on this 1st day of May, 2015:

Mr. Richard A. Sparr, Jr.
1313 N. E. Loop 410, Suite 100
San Antonio, Texas, 78209
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 828-5444**

Mr. Frederick R. Zlotucha
222 Main Plaza East
San Antonio, Texas 78205
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 227-8316**

/s/ Andrew E. Toscano
**ANDREW E. TOSCANO**

14

## * D O C K E T   I N F O R M A T I O N *

CAUSE NUM: 2013CI10278

DATE FILED: 06/19/2013          COURT: 408        UNPAID BALANCE:      0.00

TYPE OF DOCKET: CONSUMER/DTPA

### * * * S T Y L E * * *

DAVID GILLESPIE ET AL

VS A L HERNDEN ET AL

ACCOUNT TYPE:                  ACCOUNT NO:

ACCESS: 0                      STATUS: DISPOSED

LIST TYPE: C

### * L I T I G A N T   I N F O R M A T I O N *

| SEQ   LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|
| 00001 GILLESPIE DAVID | PLAINTIFF | 06/19/2013 |
|  | 00001 TOSCANO, ANDREW E | |
| 00002 O'BRIEN MICHAEL | PLAINTIFF | 06/19/2013 |
|  | 00001 TOSCANO, ANDREW E | |
| 00003 HERNDEN A L | DEFENDANT | 06/19/2013 |
|  | 00003 SPARR JR, RICHARD A | |
| 00004 ZLOTUCHA FREDERICK R | DEFENDANT | 06/19/2013 |
|  | 00002 ZLOTUCHA, FREDERICK R | |

### * S E R V I C E S   I N F O R M A T I O N *

SEQ   SERVICE TYPE / DATES          DIST    LITIGANT NAME

00001 CITATION                      4     HERNDEN A L
      ISS: 06/20/2013  REC: 06/27/2013  EXE: 07/09/2013  RET: 07/10/2013

00002 CITATION                      4     ZLOTUCHA FREDERICK R
      ISS: 06/20/2013  REC: 06/27/2013  EXE: 07/09/2013  RET: 07/10/2013

00003 NOTICE OF ORDER RULE 306A        152    TOSCANO ANDREW E
      ISS: 04/14/2015  REC:        EXE:           RET:

00004 NOTICE OF ORDER RULE 306A        152    ZLOTUCHA FREDERICK R
      ISS: 04/14/2015  REC:        EXE:           RET:

00005 NOTICE OF ORDER RULE 306A        152    SPARR RICHARD A
      ISS: 04/14/2015  REC:        EXE:           RET:

00006 NOTICE OF ORDER RULE 306A        152    TREVINO CANDELARIO S
      ISS: 04/14/2015  REC:        EXE:           RET:

### * A T T O R N E Y   I N F O R M A T I O N *

1045

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|-----|-----------|----------|------|--------|------|
| 00001 | 06/19/2013 | 00786632 | TOSCANO, ANDREW E | SELECTED | 06/20/2013 |
| 00002 | 07/30/2013 | 22281500 | ZLOTUCHA, FREDERICK | SELECTED | 07/30/2013 |
| 00003 | 07/30/2013 | 18887300 | SPARR JR, RICHARD A | SELECTED | 07/30/2013 |
| 00004 | 06/20/2014 | 24042057 | TREVINO JR, CANDELAR | SELECTED | 06/20/2014 |

### *PROCEEDING INFORMATION*

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|-----|-----------|------|-------|-----------|
| 00001 | 06/19/2013 | 0000 | 0000 | 0000 |

DESC: PLAINTIFF'S ORIGINAL PETITION
AND REQUESTS FOR DISCLOSURE

| 00002 | 06/19/2013 | 0000 | 0000 | 0000 |

DESC: CIVIL CASE INFORMATION SHEET

| 00003 | 06/19/2013 | 0000 | 0000 | 0000 |

DESC: REQUEST FOR
2CITS/PPS

| 00004 | 06/19/2013 | 0000 | 0000 | 0000 |

DESC: SERVICE ASSIGNED TO CLERK 2

| 00005 | 07/30/2013 | 0000 | 0000 | 0000 |

DESC: PLEA IN ABATEMENT
ORIGIANL ANSWER & SPECIAL EXCEPTIONS OF
FREDERICK R ZLOTUCHA

| 00006 | 07/30/2013 | 0000 | 0000 | 0000 |

DESC: PLEA IN ABATEMENT
ORIGINAL ANSWER OF AL HERNDEN &
SPECIAL EXPCETIONS

| 00009 | 07/30/2013 | 0000 | 0000 | 0000 |

DESC: JURY FEE PAID

| 00007 | 09/12/2013 | 0000 | 0000 | 0000 |

DESC: CERTIFICATE OF WRITTEN DISCOVE

| 00008 | 09/27/2013 | 0000 | 0000 | 0000 |

DESC: FIRST AMENDED PETITION

| 00011 | 10/04/2013 | 0000 | 0000 | 0000 |

DESC: MOTION TO
SET ON JURY & ADR DOCKETS

| 00014 | 10/04/2013 | 0000 | 0000 | 0000 |

DESC: APPLICATION
FOR TEMPORARY INJUNCTION

| 00016 | 10/08/2013 | 0000 | 0000 | 0000 |

DESC: MOTION FOR SUMMARY JUDGMENT
FOR DECLARATORY RELIEF (PARTIAL)

| 00018 | 10/16/2013 | 0000 | 0000 | 0000 |

DESC: MOTION FOR CONTINUANCE
ON MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DECLARATORY RELIEF

| 00020 | 10/17/2013 | 0000 | 0000 | 0000 |

DESC: MOTION FOR CONTINUANCE
ON MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DECLARATORY RELIEF OF A L HERNDEN

| 00021 | 10/21/2013 | 0000 | 0000 | 0000 |

DESC: AMENDED MOTION

1046

FOR CONTINUANCE ON PLAINTIFFS MOTION FOR

PARTIAL SUMMARY JUDGMENT AND DECLARATORY

RELIEF AND PLAINTIFFS APPLICATION FOR

TEMPORARY INJUNCTION

00022      10/22/2013          0000      0000      0000

DESC: JUDGES DOCKET NOTES

NO RECORD

00023      10/22/2013          0000      0000      0000

DESC: SECOND AMENDED PETITION

00025      10/25/2013          0000      0000      0000

DESC: OBJECTIONS TO

NOTICE OF INTENTION TO TAKE ORAL/VIDEO

DEPOSITION AND SUBOENA DUECES TECUM AND/

OR MOTION TO QUASH

00027      10/28/2013          0000      0000      0000

DESC: OBJECTIONS TO

NOTICE OF INTENTION TO TAKE ORAL/VIDEO

DEPOSITIONS AND/OR MOTION TO QUASH

00028      10/28/2013          0000      0000      0000

DESC: MOTION TO QUASH

DEPOSITION

00029      11/05/2013          0000      0000      0000

DESC: LETTER TO DISTRICT CLERK

FROM DAWN K GIBBS

RE: CERTIFICATE OF WRITTEN DISCOVERY

REQUESTS FOR DSICLOSURE ANSWER &

OBJECTIONS TO INTERROGATORIES RESPONSES

& OBJECTIONS TO REQUEST FOR PRODUCTION

& RESPONSES & OBJECTIONS TO REQUEST

FOR ADMISSIONS

00031      11/05/2013          0000      0000      0000

DESC: CERTIFICATE OF WRITTEN DISCOVE

00035      11/07/2013          0000      0000      0000

DESC: SPECIAL EXCEPTIONS

TO SECOND AMANDED ORIGINAL PETITION

00037      11/06/2013          0000      0000      0000

DESC: SPECIAL EXCEPTIONS

TO FIRST AMENDED ORIGINAL PETITION

00038      11/08/2013          0000      0000      0000

DESC: CERTIFICATE OF WRITTEN DISCOVE

00039      11/06/2013          0000      0000      0000

DESC: LETTER TO DISTRICT CLERK

FR:  JILL LONG

RE:  CERTIFICATE OF WRITTEN DISCOVERY

00040      11/18/2013          0000      0000      0000

DESC: THIRD AMENDED PETITION

00041      11/22/2013          0000      0000      0000

DESC: VAC'T NOT'C FILED FOR

RICHARD A SPARR JR

03/10/14 THRU 03/14/14 AND 04/21/14 THRU

04/25/14

00043      01/30/2014          0000      0000      0000

DESC: JUDGES DOCKET NOTES

1047

00044     02/24/2014          0000      0000      0000
          DESC: SUBPOENA
                  TO CELESTE BROWN
00045     03/06/2014          0000      0000      0000
          DESC: FOURTH AMENDED PETITION
00046     03/25/2014          0000      0000      0000
          DESC: CERTIFICATE OF DEPOSITION OF
                  DAVID GILLESPIE
00047     03/25/2014          0000      0000      0000
          DESC: CERTIFICATE OF DEPOSITION OF
                  CELESTE BROWN
00048     04/01/2014          0000      0000      0000
          DESC: CERTIFICATE OF DEPOSITION OF
                  A.L HERNDEN
00049     04/01/2014          0000      0000      0000
          DESC: CERTIFICATE OF DEPOSITION OF
                  MICHAEL O BRIEN
00050     04/04/2014          0000      0000      0000
          DESC: CERTIFICATE OF DEPOSITION OF
                  FREDERICK R ZLOTUCHA
00051     04/10/2014          0000      0000      0000
          DESC: NOTICE OF JURY TRIAL SETTING
00055     06/20/2014          0000      0000      0000
          DESC: MOTION FOR
                  (TRADITIONAL) PARTIAL SUMMARY JUDGMENT
00057     07/09/2014          0000      0000      0000
          DESC: RULE 11 AGREEMENT
00058     07/22/2014          0000      0000      0000
          DESC: RESPONSE
                  TO TRADITIONAL MOTION FOR PARTIAL
                  SUMMARY JUDGMENT WITH CONTROVERTING
                  AFFIDAVITS
00059     07/23/2014          0000      0000      0000
          DESC: AFFIDAVIT OF
                  VINCENT R JOHNSON IN SUPPORT OF THE
                  RESPONSE TO TRADITIONAL MOTION FOR
                  PARTIAL SUMMARY JUDGMENT
00060     07/29/2014          0000      0000      0000
          DESC: JUDGES DOCKET NOTES
                  (NO RECORD)
00061     12/04/2014          0000      0000      0000
          DESC: NOTICE OF JURY TRIAL SETTING
00062     01/14/2015          0000      0000      0000
          DESC: FIRST AMENDED ANSWER
                  FREDERICK R ZLOTUCHA AND SPECIAL EXCEPTI
                  ONS
00063     01/14/2015          0000      0000      0000
          DESC: FIRST AMENDED ANSWER
                  A.L. HERNDEN AND SPECIAL EXCEPTIONS
00064     01/16/2015          0000      0000      0000
          DESC: CERTIFICATE OF WRITTEN DISCOVE
00065     01/16/2015          0000      0000      0000
          DESC: CERTIFICATE OF WRITTEN DISCOVE

---

00067      02/10/2015          0000      0000      0000
           DESC: MOTION FOR SUMMARY JUDGMENT
                 (COMBINED NO EVIDENCE AND TRADITIONAL)
00068      02/25/2015          0000      0000      0000
           DESC: AMENDED PETITION
                 (FIFTH)
00069      02/25/2015          0000      0000      0000
           DESC: RESPONSE
                 OF DAVID GILLESPIE AND MICHAEL O'BRIEN
00070      02/25/2015          0000      0000      0000
           DESC: OBJECTIONS TO
                 MOTION FOR SUMMARY JUDGMENT
00071      02/27/2015          0000      0000      0000
           DESC: MOTION FOR
                 REHEARING ON PLAINTIFFS' PARTIAL MOITON
                 FOR SUMMARY JUDGMENT
00072      03/03/2015          0000      0000      0000
           DESC: MOTION FOR
                 LEAVE TO SUPPLEMENT COMBINED NO EVIDENCE
                 AND TRADITIONAL MTNS FOR SUMMARY JUDGME
                 NT
00073      03/03/2015          0000      0000      0000
           DESC: BRIEF
                 (TRIAL) BY DEFENDANT IN SUPPORT OF DEFEN
                 DANTS' COMBINED NO EVIDENCE AND TRADITIO
                 NAL MOTION FOR SUMMARY JUDGMENT
00074      03/04/2015          0000      0000      0000
           DESC: MOTION FOR
                 LEAVE TO SUPPLEMENT AN EXHIBIT TO
                 CORRECT AN INCOMPLETE DOCUMENT IN THE
                 RECORD IN DEFENDANTS COMBINED NO
                 EVIDENCE AND TRADITIONAL MOTIONS FOR
                 SUMMARY JUDGMENT
00075      03/04/2015          0000      0000      0000
           DESC: JUDGES DOCKET NOTES
00076      03/19/2015          0000      0000      0000
           DESC: LETTER TO DISTRICT CLERK
                 FR FREDERICK R ZLOTUCHA PROPOSED ORDER
00077      04/02/2015          0000      0000      0000
           DESC: CASE CLOSED FINAL JUD AFTER NO
00078      05/01/2015          0000      0000      0000
           DESC: MOTION FOR NEW TRIAL
                 AND MOTION TO RECONSIDER SUMMARY JUDGMEN
                 T
00079      06/16/2015          0000      0000      0000
           DESC: RESPONSE
                 TO PLAINTIFFS MOTION TO RECONSIDER
                 SUMMARY JUDGMENT AND IN THE
                 ALTERNATIVE MOTION FOR NEW TRIAL
00080      07/03/2015          0000      0000      0000
           DESC: NOTICE OF APPEAL
00081      07/03/2015          0000      0000      0000
           DESC: DATE DUE IN 4TH CCA

1049

_____

          JULY 31, 2015

00082    07/06/2015        0000    0000     0000
        DESC: CONFIRMATION PAGE SENT SUCCESS
            FOURTH COURT OF APPEALS (NDFA)

00083    07/07/2015        0000    0000     0000
        DESC: LETTER FROM 4TH COURT OF APPEA

00084    07/07/2015        0000    0000     0000
        DESC: LETTER/CLERK'S RECORD FEE DUE
            ANDREW TOSCANO $1.057.00 VIA-EMAIL

00085    07/29/2015        0000    0000     0000
        DESC: LETTER FROM 4TH COURT OF APPEA

00086    08/11/2015        0000    0000     0000
        DESC: NOTIFICATION OF LATE RECORD SE
            FOURTH COURT OF APPEALS

00087    08/11/2015        0000    0000     0000
        DESC: CONFIRMATION PAGE SENT SUCCESS
            TO FOURTH COURT OF APPEALS (NDLR)

00088    08/12/2015        0000    0000     0000
        DESC: LETTER FROM 4TH COURT OF APPEA

00089    08/28/2015        0000    0000     0000
        DESC: LETTER
            FROM GENE TOSCANO RE: CONFIRMATION COPY
            OF FOURTH COURT OF APPEALS FEES

00090    09/02/2015        0000    0000     0000
        DESC: LETTER FROM 4TH COURT OF APPEA


              * T R I A L    I N F O R M A T I O N *

| SEQ | DATE FILED | COURT | SETT. DATE | TIME | ATTY |
|---|---|---|---|---|---|
| 00010 | 10/04/2013 | 057 | 09/02/2014 | 08:30AM | GT |

DESC: JURY TRIAL SET
        **5/18/15**

| 00011 | 10/04/2013 | | | | |

DESC: MOTION TO
        SET ON JURY & ADR DOCKETS

| 00012 | 10/04/2013 | 225 | 05/07/2014 | 08:30AM | GT |

DESC: SET A.D.R. DOCKET

| 00013 | 10/04/2013 | 109 | 10/31/2013 | 09:00AM | AET |

DESC: NON-JURY TRIAL
        **DROP**

| 00014 | 10/04/2013 | | | | |

DESC: APPLICATION
        FOR TEMPORARY INJUNCTION

| 00015 | 10/08/2013 | 109 | 10/31/2013 | 08:30AM | AET |

DESC: NON-JURY TRIAL
        **DROP**

| 00016 | 10/08/2013 | | | | |

DESC: MOTION FOR SUMMARY JUDGMENT
        FOR DECLARATORY RELIEF (PARTIAL)

| 00017 | 10/16/2013 | 109 | 10/22/2013 | 08:30AM | FRZ |

DESC: NON-JURY TRIAL
        ***ASSIGNED TO JDG. MERY***

00018     10/16/2013

          DESC: MOTION FOR CONTINUANCE

                ON MOTION FOR PARTIAL SUMMARY JUDGMENT

                AND DECLARATORY RELIEF

00019     10/17/2013          109           10/22/2013 08:30AM     RAS

          DESC: NON-JURY TRIAL

                ***ASSIGNED TO JDG. MERY***

00020     10/17/2013

          DESC: MOTION FOR CONTINUANCE

                ON MOTION FOR PARTIAL SUMMARY JUDGMENT

                AND DECLARATORY RELIEF OF A L HERNDEN

00024     10/23/2013          109           01/30/2014 08:30AM     AET

          DESC: NON-JURY TRIAL

                RESET ON MOTIONS FOR SUMMARY JUDGMENT

                ***ASSIGNED TO JUDGE NELLERMOE***

00026     10/28/2013          109           11/12/2013 08:30AM     AET

          DESC: NON-JURY TRIAL

                AGREED ORDER

00027     10/28/2013

          DESC: OBJECTIONS TO

                NOTICE OF INTENTION TO TAKE ORAL/VIDEO

                DEPOSITIONS AND/OR MOTION TO QUASH

00030     11/06/2013          109           11/12/2013 08:30AM     RAS

          DESC: NON-JURY TRIAL

                SETTING ON MOTION TO QUASH DEPOSITION

00032     11/07/2013          109           11/12/2013 08:30AM     FRZ

          DESC: NON-JURY TRIAL

                SETTING ON OBJECTIONS TO NOTICE OF

                INTENTION TO TAKE ORAL/VIDEO DEPOSTITION

                AND/OR MOTION TO QUASH

00034     11/07/2013          109           11/14/2013 08:30AM     FRZ

          DESC: NON-JURY TRIAL

00035     11/07/2013

          DESC: SPECIAL EXCEPTIONS

                TO SECOND AMANDED ORIGINAL PETITION

00036     11/08/2013          109           11/14/2013 08:30AM     RAS

          DESC: NON-JURY TRIAL

00037     11/08/2013

          DESC: SPECIAL EXCEPTIONS

                TO FIRST AMENDED ORIGINAL PETITION

00042     01/24/2014          109           01/30/2014 08:30AM     AET

          DESC: NON-JURY TRIAL

                SETTING ON APPLICATION FOR TEMP INJ

                ***ASSIGNED TO JUDGE NELLERMOE***

00052     06/11/2014          150           05/18/2015 08:30AM

          DESC: JURY TRIAL RESET

                **PER DCKT CNTRL ORDER**

00053     06/20/2014          109           07/18/2014 09:00AM     AET

          DESC: NON-JURY TRIAL

                SET ON APPLICATION FOR TEMP INJUNCTION

                **DROPPED**

00054     06/20/2014          109           07/18/2014 08:30AM     AET

          DESC: NON-JURY TRIAL

---

          SETTING ON MOTION FOR SUMMARY JUDGMENT

          **RESET 07/29/14**

00056   07/09/2014          I09          07/29/2014 08:30AM     AET
        DESC: NON-JURY TRIAL

              RESET ON M/F PARTIAL SUMMARY JUDGMENT

              **ASSIGNED TO JUDGE STRYKER**

00066   02/10/2015          I09          03/04/2015 08:30AM     FRZ
        DESC: NON-JURY TRIAL

              ***ASSIGNED TO JUDGE STRYKER****

00067   02/10/2015
        DESC: MOTION FOR SUMMARY JUDGMENT

              (COMBINED NO EVIDENCE AND TRADITIONAL)


              * O R D E R   I N F O R M A T I O N *

SEQ  DATE FILED  JUDGE NAME          VOLUME   PAGE  PAGE CNT  AMOUNT  SOF


00001 10/23/2013  MICHAEL E. MERY       4141   0345   0002      0.00
      DESC: ORDER GRANTING CONTINUANCE

            ON PLTFS' MOTION FOR PARTIAL SUMMARY

            JUDGMENT & DECLARATORY RELIEF AND PLTFS'

            APPLICATION FOR TEMPORARY INJUNCTION

00002 11/15/2013  JOHN D. GABRIEL, JR.  4151   1065   0002      0.00
      DESC: ORDER ON

            MOTIONS TO QUASH DEPOSITIONS (AGREED)

00003 06/11/2014  BARBARA NELLERMOE     4248   0240   0004      0.00
      DESC: DOCKET CONTROL ORDER

00004 08/06/2014  CATHLEEN M STRYKER    4231   3307   0001      0.00
      DESC: ORDER DENYING

            PLAINTIFFS' TRADITIONAL MOTION FOR

            PARTIAL SUMMARY JUDGMENT

00005 03/04/2015  CATHLEEN M STRYKER    4337   1691   0001      0.00
      DESC: ORDER ON

            DEFTS' MOTION FOR LEAVE TO SUPPLEMENT

            DEFTS' COMBINED NO EVIDENCE &TRADITIONAL

            MOTIONS FOR SUMMARY JUDGMENT

00006 03/06/2015  JOHN D. GABRIEL, JR.  4353   1832   0002      0.00
      DESC: ORDER ON

            DEFT'S M/F LEAVE TO SUPPLEMENT DEFT'S

            COMBINED NO EVIDENCE & TRADITIONAL M/F

            SUMMARY JUDGMENT

00007 03/19/2015  CATHLEEN M STRYKER    4343   3154   0002      0.00
      DESC: ORDER ON

            DEFNDT'S MOTION FOR LEAVE TO SUPPLEMENT

            DEFNDT'S COMBINED NO EVIDENCE &

            TRADITIONAL M/F SUMMARY JUDGMENTS

00008 04/02/2015  CATHLEEN M STRYKER    4370   0511   0004      0.00
      DESC: ORDER

            GRANTING DEFT'S COMBINED NO-EVIDENCE

            & TRADTITIONAL M/F SUMMARY JUDGMENT &

            FINAL JUDGMENT

00009 07/29/2015  NO SIGNATURE REQUIRE  4424   1265   0002      0.00
      DESC: ORDER FROM 4TH COURT OF APPEAL


1052

— — * B O N D     I N F O R M A T I O N *

SEQ      DATE FILED    PRINCIPAL

FILED
7/3/2015 10:29:15 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| v. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A. L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

**NOTICE OF APPEAL**

TO THE HONORABLE JUDGE OF SAID COURT:

WHEREAS ON April 2, 2015, the Honorable Cathleen M. Stryker of the 224th Judicial District Bexar Court, entered a Final Judgment in this cause. Plaintiff, DAVID GILLESPIE wishes to appeal from said Final Judgment to the Court of Appeals for the Fourth District of Texas in San Antonio, Texas.

RESPECTFULLY SUBMITTED,

**GENE TOSCANO, INC.,**

BY: /s/ Andrew E. Toscano
ANDREW E. TOSCANO
SBN: 00786832
846 Culebra Road, Suite 104
San Antonio, Texas 78201
210/732-6091 tel
210/735-4167 fax
**ATTORNEY PLAINTIFF**

1043

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been sent by hand delivery to the following counsel of record on this 3rd day of July, 2015:

Mr. Richard A. Sparr, Jr.
1313 N. E. Loop 410, Suite 100
San Antonio, Texas, 78209
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 828-5444**

Mr. Frederick R. Zlotucha
222 Main Plaza East
San Antonio, Texas 78205
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 227-8316**

FOURTH COURT OF APPEALS
Cardena-Reeves Justice Center
300 Dolorosa Ste. 3200
San Antonio, Texas 78205
**210-355-2762- fax**

/s/ Andrew E. Toscano
ANDREW E. TOSCANO



# COURT OF APPEALS

SANDEE BRYAN MARION
    CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
    JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

July 6, 2015

Richard A. Sparr Jr.
Sparr & Geerdes
1313 NE Loop 410 Ste 100
San Antonio, TX 78209-1529
* DELIVERED VIA E-MAIL *

Andrew E. Toscano
Gene Toscano Inc
846 Culebra Rd Ste 104
San Antonio, TX 78201-6244
* DELIVERED VIA E-MAIL *

Frederick R. Zlotucha
Law Office of Frederick R. Zlotucha
222 E Main Plz
San Antonio, TX 78205-2717
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     04-15-00405-CV
        Trial Court Case Number:     2013-CI-10278
Style:  David Gillespie and Michael O'Brien
        v.
        A.L. Hernden and Frederick R. Zlotucha

The copy of appellant's notice of appeal in the above styled and numbered cause has this date been filed or conditionally filed.

The fee for filing appeals in this court from the district or county is $195.00. The fee must be paid at the time the notice of appeal is filed. In addition, this court charges an additional fee of $10.00 for the filing of any motion. Any delay in remitting a filing fee will delay the processing of your appeal and the court's ruling on pending motions. *See* TEX. R. APP. P. 5. Our records do not reflect payment of the $195.00 fee. Please remit the filing fee no later than July 16, 2015. If the fee is not paid within the time allotted, the matter will be referred to the court, and the appeal is subject to being stricken by the court. *See* TEX. R. APP. P. 5.

In accordance with TEX. R. APP. P. 32 and 4TH TEX. APP. (SAN ANTONIO) LOC. R. 5.2., a docketing statement must be filed with the notice of appeal. Our records do not contain a docketing statement for this appeal. Please ensure that a docketing statement is immediately filed to ensure prompt processing of the appeal. The Appellant's docketing statement is due from attorney, Andrew E. Toscano. The docketing statement is to be filed with this court by July 16, 2015.

The appellate record generally must be filed in this court within 120 days after the date of judgment is signed if any party timely files: (1) a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under TEXAS RULES OF CIVIL PROCEDURE 165a; or (4) a request for findings of fact and conclusions of law if required or if not required could properly be considered by the appellate court. *See* TEX. R. APP. P. 35.1.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 53219

cc:     Honorable Cathleen M. Stryker
        Donna Kay McKinney (DELIVERED VIA E-MAIL)



# Fourth Court of Appeals
## San Antonio, Texas

July 28, 2015

No. 04-15-00405-CV

David **GILLESPIE** and Michael O'Brien,
Appellants

v.

A.L. **HERNDEN** and Frederick R. Zlotucha,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-10278
Honorable Cathleen M. Stryker, Judge Presiding

# O R D E R

To date, appellant David Gillespie has failed to pay the applicable filing fee in this appeal. Texas Rule of Appellate Procedure 5 provides,

> A party who is not excused by statute or these rules from paying costs must pay— at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just.

TEX. R. APP. P. 5.

We, therefore, ORDER appellant, within ten (10) days of the date of this order, to either (1) pay the applicable filing fee in this appeal or (2) provide written proof to this court that he is excused by statute or these rules from paying the filing fee. *See* TEX. R. APP. P. 20.1 (providing that party who qualifies as indigent under Rule 20 may proceed without advance payment of costs). If appellant fails to respond within the time provided, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

_Karen Angelini_
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of July, 2015.



_____
Keith E. Hottle
Clerk of Court



# Fourth Court of Appeals
## San Antonio, Texas

September 15, 2015

No. 04-15-00405-CV

David **GILLESPIE**,
Appellant

v.

A.L. **HERNDEN** and Frederick R. Zlotoucha,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-10278
Honorable Cathleen M. Stryker, Judge Presiding

# O R D E R

The trial court signed a final judgment on April 2, 2015. Appellant David Gillespie filed a timely motion for new trial on May 1, 2015. Therefore, the notice of appeal was due to be filed on July 1, 2015. *See* TEX. R. APP. P. 26.1(a). However, appellant filed a notice of appeal on July 3, 2015. A motion for extension of time to file the notice of appeal was due on July 16, 2015. *See* TEX. R. APP. P. 26.3. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by Rule 26.3, he did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

We, therefore, ORDER appellant to file, within fifteen days from the date of this order, a response presenting a reasonable explanation for failing to file the notice of appeal in a timely manner. If appellant fails to respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of September, 2015.



Keith E. Hottle
Clerk of Court

ACCEPTED
04-15-00405-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/30/2015 12:52:27 PM
KEITH HOTTLE
CLERK

NO. 04-15-00405-CV

## In the Court of Appeals
## for the
## Fourth District
## San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/30/2015 12:52:27 PM
KEITH E. HOTTLE
Clerk

DAVID GILLESPIE,
*Appellant*

v.

A.L. HERNDEN,
*Appellee*

On Appeal from the 408th Judicial District Court of Bexar County, Texas
(Cause No. 2013-CI-10278, Hon. Cathleen M. Stryker, Presiding)

## APPELLEE'S MOTION FOR EXTENSION OF TIME

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

1. Appellant, David Gillespie, herewith files his response to this Court's Order of September 15, 2015.

2. Appellant filed its Notice of Appeal on July 3, 2015, two days after its due date of July 1, 2015. The Clerk's record was filed on September 9, 2015.

3. Appellant advises the Court that due to a calendar error caused by the preparation of a response to Motion for Summary Judgment in the case styled Civil Action No. 5:14-CV-00733; John Gonzales vs. Robles and Sons, Inc., Robles Service Group, LLC, Vaughn Construction Company, Sunbelt Rentals

Industrial Services, LLC and JLG Industries, Inc.; In the United States District Court Western District of Texas San Antonio Division, the hearing on Motion for Rulings in the case styled Cause No. 2012-CI-09903; John Joseph Carreon and John A. Polito vs. Greater San Antonio Transportation Company d/b/a Yellow Cab. in preparation for trial on July 6, 2015, and the final preparation of the documents in the case styled Cause No. 5:14-CV-00149; Candelario V. Gonzalez, et al. v. Cooper Tire and Rubber Company, et al, the Notice of Appeal was not filed timely. Undersigned counsel because of his schedule, inadvertently failed to file the Notice but upon discovery immediately did so.

4.    Appellee respectfully requests accept the Notice of Appeal that was filed within the 15 day grace period as timely and for general relief.

5.    Appellee files this Motion for Extension of Time to File Appellant's Brief  Notice of Appeal pursuant to Texas Rules of Appellate Procedure 26.3, 10.5(b)(1)(C), 38.6(d), and the Local Rules of Fourth Court of Appeals.

WHEREFORE, Appellant, by and through its undersigned Counsel, requests the Court consider this motion and extend the time for filing its Appellant's Notice of Appeal until **July 3, 2015**.

Respectfully submitted,

GENE TOSCANO, INC.
846 Culebra Road, Suite 104
San Antonio, Texas 78201-6244

Telephone: (210) 732-6091
Facsimile: (210) 735-4167


BY: /s/ Andrew E. Toscano
    ANDREW E. TOSCANO
    Attorney at Law
    State Bar No. 00786832
    COUNSEL FOR APPELLANT


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has this day been served on the counsel below, in the means and by the manner indicated hereinafter:

Mr. Richard A. Sparr, Jr.
1313 N. E. Loop 410, Suite 100
San Antonio, Texas, 78209
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 828-5444**

Mr. Frederick R. Zlotucha
222 Main Plaza East
San Antonio, Texas 78205
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 227-8316**

FOURTH COURT OF APPEALS
Cardena-Reeves Justice Center
300 Dolorosa Ste. 3200
San Antonio, Texas 78205
**210-355-2762- fax**

Signed on September 30, 2015.


    /s/ Andrew E. Toscano
    Andrew E. Toscano
    Counsel for Appellee

FILE COPY



# COURT OF APPEALS

SANDEE BRYAN MARION
CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

September 30, 2015

Richard A. Sparr Jr.
Sparr & Geerdes
1313 NE Loop 410 Ste 100
San Antonio, TX 78209-1529
* DELIVERED VIA E-MAIL *

Andrew E. Toscano
Gene Toscano Inc
846 Culebra Rd Ste 104
San Antonio, TX 78201-6244
* DELIVERED VIA E-MAIL *

Frederick R. Zlotucha
Law Office of Frederick R. Zlotucha
222 E Main Plz
San Antonio, TX 78205-2717
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    04-15-00405-CV
          Trial Court Case Number:    2013-CI-10278

Style:  David Gillespie
          v.
          A.L. Hernden and Frederick R. Zlotoucha

      The Appellant's Motion for Extension of Time to File Notice of Appeal has this date been received and filed in the above styled and numbered cause.

            Very truly yours,
            KEITH E. HOTTLE, CLERK

            Luz Estrada
            Luz Estrada
            Deputy Clerk, Ext. 53219



# COURT OF APPEALS

| SANDEE BRYAN MARION | FOURTH COURT OF APPEALS DISTRICT | KEITH E. HOTTLE |
| CHIEF JUSTICE | CADENA-REEVES JUSTICE CENTER | CLERK OF COURT |
| KAREN ANGELINI | 300 DOLOROSA, SUITE 3200 | |
| MARIALYN BARNARD | SAN ANTONIO, TEXAS 78205-3037 | |
| REBECA C. MARTINEZ | WWW.TXCOURTS.GOV/4THCOA.ASPX | TELEPHONE |
| PATRICIA O. ALVAREZ | | (210) 335-2635 |
| LUZ ELENA D. CHAPA | | |
| JASON PULLIAM | | FACSIMILE NO. |
| JUSTICES | | (210) 335-2762 |

October 5, 2015

Richard A. Sparr Jr.
Sparr & Geerdes
1313 NE Loop 410 Ste 100
San Antonio, TX 78209-1529
* DELIVERED VIA E-MAIL *

Andrew E. Toscano
Gene Toscano Inc
846 Culebra Rd Ste 104
San Antonio, TX 78201-6244
* DELIVERED VIA E-MAIL *

Frederick R. Zlotucha
Law Office of Frederick R. Zlotucha
222 E Main Plz
San Antonio, TX 78205-2717
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 04-15-00405-CV
Trial Court Case Number: 2013-CI-10278
Style: David Gillespie
v.
A.L. Hernden and Frederick R. Zlotoucha

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 53219

cc: Donna  Kay McKinney (DELIVERED VIA E-MAIL)



# Fourth Court of Appeals
## San Antonio, Texas

October 5, 2015

No. 04-15-00405-CV

David **GILLESPIE**,
Appellant

v.

A.L. **HERNDEN** and Frederick R. Zlotoucha,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-10278
Honorable Cathleen M. Stryker, Judge Presiding

# O R D E R

On September 15, 2005, we ordered appellant to offer a reasonable explanation for filing a late notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). "[A]ny plausible statement of circumstances indicating that failure to file . . . was not deliberate or intentional, but was the result of inadvert[e]nce, mistake, or mischance, [would] be accepted as a reasonable explanation." *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989); *see also Dimotsis v. State Farm Lloyds*, 966 S.W.2d 657, 657 (Tex. App.—San Antonio 1998, no pet.). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance, even if that conduct can also be characterized as professional negligence. *Garcia*, 774 S.W.2d at 670; *Dimotsis*, 966 S.W.2d at 657. Appellant timely responded to our order, stating that his counsel, in light of other deadlines in his law practice, inadvertently failed to timely file the notice of appeal. The explanation is reasonable. We, therefore, grant the motion for extension of time to file the notice of appeal and ORDER this appeal retained on the court's docket. **We further ORDER that appellant's brief is due on November 4, 2015.**

_____
Karen Angelini, Justice

FILE COPY

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of October, 2015.



Keith E. Hottle
Clerk of Court

ACCEPTED
04-15-00405-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/21/2015 12:04:27 PM
KEITH HOTTLE
CLERK

# No. 04-15-00405-CV

IN THE COURT OF APPEALS OF TEXAS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/21/2015 12:04:27 PM
KEITH E. HOTTLE
Clerk

**DAVID GILLESPIE,**
*Appellant,*

vs.

**A.L. HERNDEN** and **FREDERICK R. ZLOTOUCHA,**
*Appellees.*

**NOTICE OF APPEARANCE OF APPELLATE COUNSEL & APPELLANT'S UNOPPOSED MOTION FOR BRIEFING DEADLINE EXTENSION**

To the Honorable Court:

Appellant David Gillespie asks this Court and all counsel of record to take notice that he has retained appellate counsel: Kimberly S. Keller, Keller Stolarczyk PLLC, 234 West Bandera Road, No. 120, Boerne, Texas 78006.

Appellant respectfully requests this Court grant him a 30-day briefing deadline extension.[1] Appellant's brief is currently due on

---

[1] Appellant's newly-retained appellate counsel has recently received the appellate record and needs time to analyze the appellate record, research the

November 4, 2015. If this Court grants this Motion, Appellant's brief will be due on December 4, 2015. Appellees are unopposed to this Motion.

Respectfully submitted,

KELLER STOLARCZYK, PLLC
234 West Bandera Road #120
Boerne, Texas 78006
Tele: 830.981.5000
Facs: 888.293.8580

/s/Kimberly S. Keller
Kimberly S. Keller
SBN: 24014182
kim@kellsto.com

COUNSEL FOR APPELLANT

---

legal issues presented by the trial court's ruling, and prepare and file a brief to this Court raising Appellant's issues on appeal.

## CERTIFICATE OF CONFERENCE & SERVICE

I conferred with opposing counsel, listed below, and was informed Appellees are unopposed to this Motion. Also, I certify that on October 21, 2015, I served this Motion on:

Richard A. Sparr Jr.
SPARR & GEERDES
1313 NE Loop 410, Suite 100
San Antonio, Texas 78209
Email: rsparr@sparrlaw.net

Frederick R. Zlotucha
LAW OFFICE OF FREDERICK R. ZLOTUCHA
222 E. Main Plaza
San Antonio, Texas 78205
*Counsel for Appellees*

/s/Kimberly S. Keller
Kimberly S. Keller

FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

October 21, 2015

No. 04-15-00405-CV

David **GILLESPIE**,
Appellant

v.

A.L. **HERNDEN** and Frederick R. Zlotoucha,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-10278
Honorable Cathleen M. Stryker, Judge Presiding

## CORRECTED ORDER

The Appellant's Motion for Extension of Time to File Brief has this date been received and filed in the above styled and numbered cause. Extension of time to file the Appellant's brief is this date GRANTED. Time is extended to December 4, 2015.

**PER CURIAM**

ATTESTED TO: _____
KEITH E. HOTTLE
CLERK OF COURT

cc:  Kimberly S. Keller
No. 120
Boerne, TX 78006-2805

Andrew E. Toscano
Gene Toscano Inc
846 Culebra Rd Ste 104
San Antonio, TX 78201-6244

Richard A. Sparr Jr.
Sparr & Geerdes
1313 NE Loop 410 Ste 100
San Antonio, TX 78209-1529

Frederick R. Zlotucha
Law Office of Frederick R. Zlotucha
222 E Main Plz
San Antonio, TX 78205-2717

ACCEPTED
04-15-00405-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/3/2015 12:11:03 PM
KEITH HOTTLE
CLERK

# No. 04-15-00405-CV

IN THE COURT OF APPEALS OF TEXAS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/3/2015 12:11:03 PM
KEITH E. HOTTLE
Clerk

**DAVID GILLESPIE,**
*Appellant,*

vs.

**A.L. HERNDEN** and **FREDERICK R. ZLOTOUCHA,**
*Appellees.*

## AMENDED NOTICE OF APPEAL

To the Honorable Court:

Plaintiff below, Michael O'Brien, hereby gives notice that he intends to appeal the final judgment entered by the trial court (Hon. Cathleen M. Stryker, 224th District Court, Bexar County) on April 2, 2015.[1] This appeal will be taken to the Fourth District Court of Appeals in San Antonio, Texas. An original notice of appeal was filed by Plaintiff below, David Gillespie, on July 3, 2015;[2] although

---

[1] This Amended Notice of Appeal is filed under Texas Rule of Appellate Procedure 25.1(g), which permits a litigant to file an amended notice of appeal to correct a "defect or omission" at "any time before the appellant's brief is filed."

[2] A copy of the original notice of appeal is attached to this Amended Notice of Appeal.

the style on the notice contained both David Gillespie's and Michael O'Brien's names, O'Brien's name was omitted, in oversight, within the body of the notice. Gillespie and O'Brien now file this Amended Notice of Appeal to clarify that both Gillespie and O'Brien are appealing the trial court's April 2, 2015 Final Judgment.[3]

Appellants respectfully request the Clerk of the Court to change the style of the appeal to reflect both Appellants, David Gillespie and Michael O'Brien, as appellants in this appeal.

Respectfully submitted,

KELLER STOLARCZYK, PLLC
234 West Bandera Road #120
Boerne, Texas 78006
Tele: 830.981.5000
Facs: 888.293.8580

/s/Kimberly S. Keller
Kimberly S. Keller
SBN: 24014182
kim@kellsto.com

COUNSEL FOR APPELLANTS

---

[3]Co-Appellants note that the Final Judgment rendered final an interlocutory order entered by the trial court on August 6, 2014, denying Appellants' summary judgment motion. Co-Appellants intend to appeal both rulings by the trial court. A copy of both the interlocutory order and final judgment are attached to this Amended Notice of Appeal.

## CERTIFICATE OF CONFERENCE & SERVICE

I certify that on November 3, 2015, I served this Amended

Notice of Appeal on:

Richard A. Sparr Jr.
SPARR & GEERDES
1313 NE Loop 410, Suite 100
San Antonio, Texas 78209
Email: rsparr@sparrlaw.net

Frederick R. Zlotucha
LAW OFFICE OF FREDERICK R. ZLOTUCHA
222 E. Main Plaza
San Antonio, Texas 78205
*Counsel for Appellees*

/s/Kimberly S. Keller
Kimberly S. Keller

3

FILED
7/3/2015 10:29:15 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

## CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| v. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A. L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## <u>NOTICE OF APPEAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

WHEREAS ON April 2, 2015, the Honorable Cathleen M. Stryker of the 224th Judicial District Bexar Court, entered a Final Judgment in this cause. Plaintiff, DAVID GILLESPIE wishes to appeal from said Final Judgment to the Court of Appeals for the Fourth District of Texas in San Antonio, Texas.

RESPECTFULLY SUBMITTED,

**GENE TOSCANO, INC.,**

BY: /s/ Andrew E. Toscano
ANDREW E. TOSCANO
SBN: 00786832
846 Culebra Road, Suite 104
San Antonio, Texas 78201
210/732-6091 tel
210/735-4167 fax
**ATTORNEY PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent by hand delivery to the following counsel of record on this 3rd day of July, 2015:

Mr. Richard A. Sparr, Jr.
1313 N. E. Loop 410, Suite 100
San Antonio, Texas, 78209
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 828-5444**

Mr. Frederick R. Zlotucha
222 Main Plaza East
San Antonio, Texas 78205
**SENT BY FACSIMILE TRANSMISSION**
**TO: (210) 227-8316**

FOURTH COURT OF APPEALS
Cardena-Reeves Justice Center
300 Dolorosa Ste. 3200
San Antonio, Texas 78205
**210-355-2762- fax**

/s/ Andrew E. Toscano
ANDREW E. TOSCANO



CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| v. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## <u>ORDER GRANTING DEFENDANTS' COMBINED NO-EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT AND FINAL JUDGMENT</u>

On the 4th day of March, 2015, the Court heard DEFENDANTS' COMBINED NO EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT (hereafter referred to as "Defendants' Motions") filed in this cause by A. L. HERNDEN and FREDERICK R. ZLOTUCHA. The parties appeared, and the Court, after considering the pleadings, "Defendants' Motions", Plaintiffs' Response To Defendants' Motions For Traditional And No Evidence Summary Judgment, and the Court at the request of Plaintiffs reconsidered Plaintiffs' Traditional Motion for Partial Summary Judgment previously denied on August 6, 2014, the competent summary judgment evidence, and the arguments of counsel, the Court is of the opinion and finds that "Defendants' Motions" should be and the same are hereby in all things **GRANTED**, and that summary judgment should be entered that the Plaintiffs take nothing in this lawsuit against the Defendants, A. L. HERNDEN and FREDERICK R. ZLOTUCHA. And, the Court again finds and it is Ordered that Plaintiffs' Traditional Motion for Partial Summary Judgment is DENIED.

1

1022

IT IS THEREFORE, **ORDERED, ADJUDGED** and **DECREED** that DEFENDANTS' COMBINED NO EVIDENCE AND TRADITIONAL MOTIONS FOR SUMMARY JUDGMENT are **GRANTED**, and that the Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN shall take nothing in this lawsuit against Defendants A.L. HERNDEN and FREDERICK R. ZLOTUCHA.

IT IS FURTHER **ORDERED, ADJUDGED** and **DECREED** that summary judgment is rendered and entered in favor of Defendants, A. L. HERNDEN and FREDERICK R. ZLOTUCHA, and that the Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN take nothing against Defendants, A. L. HERNDEN and FREDERICK R. ZLOTUCHA, and that the Plaintiffs' claims against Defendants A.L. HERNDEN and FREDERICK R. ZLOTUCHA are denied and dismissed with prejudice to the refiling of same, and that all costs of court shall be and are hereby Ordered taxed against Plaintiffs, DAVID GILLESPIE and MICHAEL O'BRIEN, for which let execution issue if not timely paid.

IT IS FURTHER **ORDERED, ADJUDGED** and **DECREED** that all other relief requested in this case and not expressly granted is denied. This Judgment in favor of Defendants disposes of all of the Plaintiffs' claims against said Defendants and is final and appealable as to all claims of the Plaintiffs against Defendants A.L. HERNDEN and

2

DOCUMENT SCANNED AS FILED

1023

FREDERICK R. ZLOTUCHA.

SIGNED this 2nd day of April , 2015.

_____
JUDGE CATHLEEN STRYKER
224TH JUDICIAL DISTRICT COURT

APPROVED AS TO FORM:

_____
ANDREW EUGENE TOSCANO
State Bar No. 00786832
846 Culebra, Suite 104
San Antonio, Texas 78201
210-732-6091 - Telephone
210-735-4167 - Telecopier
ATTORNEY FOR PLAINTIFFS
DAVID GILLESPIE and MICHAEL O'BRIEN

APPROVED:

SPARR & GEERDES, INC.
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
(210) 828 5300 Telephone
(210) 828 5444 Telecopier
e-mail: rsparr@sparrlaw.net

_____
RICHARD A. SPARR, JR.
State Bar No. 18887300
ATTORNEY FOR DEFENDANT, A. L. HERNDEN

LAW OFFICE OF FREDERICK R. ZLOTUCHA

_____
FREDERICK R. ZLOTUCHA

3

State Bar No. 22281500
222 Main Plaza East
San Antonio, Texas 78205
210-227-9877 - Telephone
210-227-8316 - Telecopier
e-mail: attyrickzlotucha@aol.com
PRO SE

4

1025

DOCUMENT SCANNED AS FILED



2013CI10278 -D408

## CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE AND | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN | § | |
| | § | |
| V. | § | 408th JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING PLAINTIFFS' TRADITIONAL MOTION FOR PARTIAL SUMMARY JUDGMENT

On the 29th day of July, 2014 came on to be considered Plaintiffs' Traditional Motion For Partial Summary Judgment and the Court after considering same, the Defendants, A. L. Hernden And Frederick R. Zlotucha's Response To Plaintiffs' Traditional Motion For Partial Summary Judgment With Controverting Affidavits, the pleadings and the competent summary judgment evidence and argument of counsel is of the opinion that Plaintiffs' Traditional Motion For Partial Summary Judgment should be denied.

IT IS ORDERED that Plaintiffs' Traditional Motion For Partial Summary Judgment be and the same hereby DENIED.

Signed this 6 day of August, 2014.

JUDGE CATHLEEN M. STRYKER
224TH JUDICIAL DISTRICT COURT

563

FILED
11/19/2015 2:00:19 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CAUSE NO. 2013-CI-10278

| | | |
|---|---|---|
| DAVID GILLESPIE | § | IN THE DISTRICT COURT |
| MICHAEL O'BRIEN, | § | |
| PLAINTIFFS, | § | |
| | § | |
| —VERSUS— | § | 408TH JUDICIAL DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA, | § | |
| DEFENDANTS. | § | BEXAR COUNTY, TEXAS |

## ALTERNATIVE NOTICE OF CROSS APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW A.L. Hernden and Frederick R. Zlotucha, Defendants, and hereby file their Alternative Notice of Cross Appeal of the Order Granting Defendants' Combined No Evidence and Traditional Motions for Summary Judgment and Final Judgment signed by the 408th Judicial District Court of Bexar County, the Honorable Cathy Stryker, presiding, on April 2, 2015. Defendants A.L. Hernden and Frederick R. Zlotucha desire to appeal this case to the Court of Appeals for the Fourth Court of Appeals District of Texas in San Antonio. This notice of cross appeal is filed in the alternative because it is conditioned on the Fourth Court of Appeals' denial of the Opposed Motion to Strike Untimely "Amended" Notice of Appeal Filed Four Months After the Deadline that was filed with the Fourth Court of Appeals on November 19, 2015. Defendants A.L. Hernden and Frederick R. Zlotucha file this Notice of Cross Appeal to preserve their ability to complain about the late-filed "amended" notice of appeal filed by Plaintiff Michael O'Brien on November 3, 2015.

Respectfully submitted,

*/s/ Beth Watkins*
Beth Watkins
State Bar No. 24037675
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666—phone
(210) 225-2300—fax
Beth.Watkins@WatkinsAppeals.com

Counsel for Defendants/ Cross Appellees
A.L. Hernden and Frederick R. Zlotucha

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2015, I electronically served, via FileTime, my e-filing service provider, a true and correct copy of the above document on the following counsel of record:

Ms. Kimberly S. Keller
KELLER STOLARCZYK, PLLC
234 West Bandera Road #120
Boerne, Texas 78006
(830) 981-5000—phone
(888) 293-8580—fax
kim@kellsto.com

Attorney for Appellant
David Gillespie

*/s/ Beth Watkins*
Beth Watkins

Counsel for Defendants
A.L. Hernden and Frederick R. Zlotucha